IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

| | |
|---|---|
| HERBERT E. TOWNSEND, | |
| Plaintiff, | Civil Action No. 2:17-cv-62-UA-MRM |
| v. | Magistrate Judge Mac R. McCoy |
| BROOKS SPORTS, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS AND TO ANSWER PLAINTIFF'S INTERROGATORY NO. 1**

Pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, Plaintiff Herbert Townsend ("Plaintiff") moves to compel Defendant Brooks Sports, Inc. ("Defendant" or "Brooks") to (1) answer his interrogatory No. 1; (2) to produce documents in response to Plaintiff's First Set of Requests for Production of Documents and Things Nos. 1 – 42; and (3) for award all other relief that the Court deems appropriate.

**INTRODUCTION**

The present Motion to Compel is the latest effort by the Plaintiff to obtain fundamental information concerning the products that are accused of infringing Plaintiff's United States Patent No. 7,490,416 and documents relating to those products or relating to Brooks' positions in this action, including documents identified by Brooks' mandatory disclosures. As explained below, Brooks has thus far, two weeks after responses were due, provided no information in response to interrogatory no. 1, has refused to produce any documents, and has even refused to answer whether any information and documents are outside its voluminous and repetitive objections. In short, Brooks has disclosed and produced nothing but predictably *pro forma*

objections and has refused to commit to produce any documents or disclose any information at any time certain. To end this delay, the Plaintiff has filed the present Motion to Compel.

## FACTUAL BACKGROUND

This is an action for patent infringement brought by an individual who is a material scientist and runner against a running shoe manufacturer that announced three years ago that its global sales exceeded $500 million. As pleaded with some specificity by the complaint in this action, the running shoes that are accused of infringement have specific identified features. Dkt. 1 at ¶¶ 11 – 15, 17 – 23.

On June 21, 2017, Plaintiff served one interrogatory and forty two requests for production. *See* Exhibit A. On June 17, 2017, Brooks requested a two week extension of time to respond to those requests for discovery. Plaintiff's counsel responded that Plaintiff would agree to that extension if Brooks agreed that it would not withhold information or production based on confidentiality either because a protective order had been agreed to or based on production for outside counsel only, and that Brooks agreed that Plaintiff's time to respond to Brooks' motion to dismiss or transfer was extended to two business days after Brooks' responses to discovery. Brooks refused. *See* Exhibit B.

On July 21, 2017, Brooks served objections and responses. *See* Exhibit C. In response to almost all requests for production, including requests for advertising for the products accused of infringement in this action, Brooks refused to produce any documents prior to entry of a protective order. Brooks' response to interrogatory No. 1 refused to provide any substantive response to that interrogatory, including refusing to identify the "name and model number" of shoes that are accused of infringement absent a protective order. *Id.*

Brooks' response to the interrogatory and a representative example of Brooks' responses to the document requests are reprinted below:

**<u>INTERROGATORY NO. 1</u>:**

For each Brooks shoe that includes an insert in the midsole that includes Brooks DNA that Brooks has sold or offered for sale, please:

    a)    State the name and model of the shoe (including both Brooks' internal name and/or model of the shoe and the name and/or model used in Brooks' advertising and marketing materials to identify the shoe);

    b)    State the date the shoe was first disclosed to the public and the date that the shoe as first offered for sale;

    c)    State the date the shoe was discontinued;

    d)    State the yearly gross sales in both units and revenue for the shoe;

    e)    Identify the person most knowledgeable about development of the shoe; and

    f)    Identify the person most knowledgeable about sales of the shoe.

**<u>RESPONSE TO INTERROGATORY NO. 1</u>:**

Brooks incorporates its General Objections by reference.

Brooks objects to this interrogatory as vague, ambiguous, and overbroad because it does not specify a time period. Brooks will not provide information concerning products that it ceased selling prior to February 1, 2011. *See* 35 U.S.C. § 286.

Brooks also objects to this interrogatory on the ground that it is compound and includes multiple sub-parts. Brooks further objects to this interrogatory to the extent that it requires information or documents regarding conduct or materials that may be located outside the United States.

Brooks additionally objects to this interrogatory because it calls for information that is confidential to Brooks, including but not limited to technical information concerning its products

and confidential business information.

Brooks objects to this interrogatory and the definition of "Brooks" as vague, ambiguous, overbroad, and unduly burdensome because it includes entities other than Brooks Sports, Inc. Brooks also objects to this interrogatory and definition because it purports to include Brooks' attorneys. Brooks further objects to this interrogatory and the term "Brooks' internal name" as vague, ambiguous, and confusing because it is unclear what naming convention is being referred to.

Brooks objects to this interrogatory and the definition of "identify," "identity," and "identification" when used in reference to a person because the interrogatory prematurely seeks information concerning what witnesses Brooks will call at trial. Brooks will not disclose what witnesses it plans to call at trial until the time set forth in the Court's scheduling order. Dkt. No. 32 at 6.

Subject to and without waiving its objections, because this interrogatory calls for confidential development information concerning Brooks' products and confidential business information, Brooks will provide a narrative response once a suitable protective order is in place.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents, data compilations, and tangible things referred to, listed, relied upon, and/or mentioned in Defendant's 26(a)(1) Initial Disclosures and in Defendant's responses to Plaintiff's Interrogatories and Requests for Admission to Defendant.

**RESPONSE TO REQUEST NO. 1:**

Brooks incorporates its General Objections by reference.

Brooks objects to this request because it calls for information that is confidential to Brooks, including but not limited to technical information concerning its products and confidential business information. Brooks will not provide such information without a suitable protective order in place.

Brooks objects to this request and the definition of "Defendant" as vague, ambiguous, overbroad, and unduly burdensome because it includes entities other than Brooks Sports, Inc. Brooks further objects to this request and definition because it purports to include Brooks' attorneys.

Brooks also objects to this request as vague, ambiguous, and confusing because it seeks documents and things "referred to, listed, relied upon, and/or mentioned in . . . Defendant's responses to Plaintiff's . . . Requests for Admission to Defendant," but Plaintiff has not served any requests for admission on Brooks.

Subject to and without waiving its objections, once a suitable protective order is in place, Brooks will produce non-privileged documents responsive to this request, to the extent that such documents exist and are located by Brooks.

On July 24, 2017, Plaintiff's counsel asked Brooks' counsel whether it was Brooks' position that no information requested by interrogatory No. 1 was not confidential or otherwise objected to, and that no documents requested by Plaintiff were outside the scope of Brooks' objections. Brooks' counsel did not answer as to objections to interrogatory No. 1, but said that Brooks intended to withhold any response pending a protective order. Brooks' counsel also responded, as to documents, that Brooks had only begun collecting documents and offered no date by which any production would actually be made. *See* Exhibit D. As to the protective order on which Brooks conditioned any response to discovery, Brooks' counsel responded that Brooks

expected that Plaintiff would propose the order. *Id.* Plaintiff's counsel responded requesting that Brooks propose the order and requested that Brooks' counsel provide the date on which Brooks would produce documents. *Id.*

After an exchange about terms of the protective order, on August 1st, Plaintiff's counsel again asked for answers to the questions raised on July 24th as to whether Brooks asserted that no information and documents were outside Brooks' objections and if not, why Brooks refused to provide that information and when Brooks would produce documents. *See* Exhibit E. Brooks' counsel responded that it was withholding all response to the interrogatory pending a protective order, and that perhaps some time in the middle of the week of August 7th, Brooks expected to provide a timeline for actual production. *Id.*

As of the filing of this motion, Brooks is pondering a protective order and refuses to provide any substantive response to Interrogatory No. 1 until it is satisfied with the protective order. Brooks has not produced any documents, has not committed to a date to do so, and has not committed to a date on which it will provide dates on which documents will be produced. Brooks' continuing delay and refusal to provide discovery, despite the best efforts of the Plaintiff, has required the filing of the present motion to compel.

## **ARGUMENT**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Rule 37 of the Federal Rules of Civil Procedure provides that on "notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37.  Motions to compel and other discovery matters brought pursuant to Rule 37 are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984); *Broadcast Music, Inc. v. Bourbon Street Station, Inc.*, No. 3:09-cv-467-J-25MCR, 2010 WL 376619, at *1 (M.D. Fla. Jan. 26, 2010).  The "purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts."  *Broadcast Music, Inc.*, 2010 WL 376619, at *1, *citing United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1950).

I.  THE COURT SHOULD COMPEL BROOKS TO ANSWER PLAINTIFF'S INTERROGATORY NO. 1 AND PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY A DATE CERTAIN.

As set out above, Brooks has provided no information or documents pursuant to requests for discovery, despite Plaintiff's counsel's offer, in order to start the discovery process, to accept document production and an interrogatory response for disclosure only to outside counsel pending entry of a protective order.  Brooks offers no reasonable explanation for this failure, and offers no date certain on which it will provide discovery.

Presumably, Brooks also intends to withhold documents and information based on objections it has raised.  Plaintiff has many reservations about the nature of objections raised by Brooks' responses to requests for discovery and objections that are raised.  But Plaintiff cannot

even guess the import of those objections and responses at this point.  By this motion, Plaintiff is seeking to begin the process of discovery to understand the import of those objections for specific discovery.  This motion is directed to Brooks' refusal to provide even discovery to which it has not objected other than on confidentiality and Brooks' refusal to provide asserted confidential information and documents for outside counsel access only.

It is now two weeks after responses to Plaintiff's requests for discovery were due and served.  Brooks' delay has frustrated and continues to frustrate Plaintiff's discovery in this action.  Plaintiff asks the Court to end this delay by an order to Brooks to answer completely Plaintiff's Interrogatory No. 1 and produce responsive documents within three days of an order of the Court.

## **CONCLUSION**

WHEREFORE, in light of the foregoing, the Plaintiff respectfully requests that the Court: (1) compel Brooks to produce documents responsive to the Plaintiff's First Set of Requests for Production of Documents and Things that are not objected to or are objected to only based on confidentiality within three days of entry of an order by the Court subject to access only by Plaintiff's outside counsel or an agreed protective order, (2) compel Brooks to answer Plaintiff's Interrogatory No. 1 within three days of entry of an order by the Court providing information that is not objected to or objected to only based on confidentiality within three days of entry of an order by the Court subject to access only by Plaintiff's outside counsel or an agreed protective order, and (3) award all other relief that the Court deems appropriate.

LOCAL RULE 3.01(G) CERTIFICATION

The undersigned hereby certifies that counsel for the Defendant has conferred with counsel for the Plaintiff in good faith in an effort to resolve the issues raised by this motion. The Plaintiff has refused to provide any date by which it will either answer Plaintiff's Interrogatory No. 1 or produce documents in response to Plaintiff's First Set of Requests for Production of Documents and Things.

DATED:  August 4, 2017                                       Respectfully submitted,

                                                                                  */s/ Steven J. Hampton*
                                                                                  Steven J. Hampton
                                                                                  shampton@mcandrews-ip.com
                                                                                  MCANDREWS, HELD & MALLOY, LTD.
                                                                                  500 West Madison St., 34th Floor
                                                                                  Chicago, IL 60661
                                                                                  (312) 775-8000

                                                                                  *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 4, 2017 I electronically filed the foregoing **PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS AND TO ANSWER PLAINTIFF'S INTERROGATORY NO. 1** with the Clerk of the Court via CM/ECF, which will send notifications of such filing via electronic mail to all counsel of record.

                */s/Steven J. Hampton*