# EXHIBIT E

# Steve Hampton

| | |
|---|---|
| **From:** | ahayden@fenwick.com |
| **Sent:** | Wednesday, August 02, 2017 2:42 PM |
| **To:** | Steve Hampton |
| **Cc:** | DDonnelly@fenwick.com; jmcmichael@fenwick.com; David Petty; david.potter@bipc.com; Carmen Camarena |
| **Subject:** | RE: Townsend v. Brooks: Brooks' Responses to First Sets of Interrogatories and RFPs |

Steve,

We received your revisions to the draft protective order, and are reviewing with our client. Please note that Mr. Townsend should not conclude that Brooks does not object to representatives of Plaintiff having access to all of Brooks' designated material. Would Plaintiff be open to having some Brooks' material that Mr. Townsend and his non-party representative cannot access? In addition, is Mr. Townsend willing to provide us a CV (or similar information) of the non-party representative it proposes to have access in addition to experts/consultants?

The point of the first paragraph of my email from yesterday is that there is nothing in the Case Management Order that instructs us to not file a stipulated protective order with the Court, Judge McCoy's statements contemplated it, and its Brooks' proposal to file it. As you know, filing a protective order is generally the norm. Does Plaintiff have an independent objection to filing it separate from its interpretation of the Case Management Order?

I responded to your July 24 email that same day, and thought that I answered the questions you pose in that email. Brooks was neither asserting the position that there is no information requested by Interrogatory No. 1 that is not confidential and not otherwise objected to, nor was Brooks refusing to provide that information. Brooks indicated that it thought it was inefficient to do multiple responses when we are currently negotiating a protective order. Brooks also was not asserting that no document requested by Mr. Townsend is not objected to. We are reviewing documents we collected from Brooks and expect to have a production timeline to give you in mid-next week. I hope that this made clear that the motions to compel you propose are misplaced, but we are happy to discuss it with you and Dave further live if you would like.

Amy

---

**From:** SHAMPTON@mcandrews-ip.com [mailto:SHAMPTON@mcandrews-ip.com]
**Sent:** Tuesday, August 01, 2017 12:43 PM
**To:** Amy Hayden <ahayden@fenwick.com>
**Cc:** Darren Donnelly <DDonnelly@fenwick.com>; Jon McMichael <jmcmichael@fenwick.com>; DPETTY@mcandrews-ip.com; david.potter@bipc.com; CCamarena@mcandrews-ip.com
**Subject:** RE: Townsend v. Brooks: Brooks' Responses to First Sets of Interrogatories and RFPs

Amy,

Is the point of the first paragraph of your email that you believe that we should ignore the subsequently entered Case Management Order? If not, please explain.

I understand your response to mean that Brooks does not object to representatives of Plaintiff having access to confidential material â€" but expects that Plaintiff will provide implementing provisions. Those will follow shortly.

Finally, you have never answered the following questions from my email of July 24th:

1

Is it Brooks' position that there is no information requested by interrogatory No. 1 that is not confidential and not otherwise objected to, including the names and models of the Brooks shoes described by this interrogatory? If not, on what basis does Brooks refused to provide that information?

As to the requests for production, is it Brooks' position that no document requested by Mr. Townsend is not objected to? If that is not the case, when will Brooks produce those documents?

Since Brooks has answered nothing, has produced nothing, and refuses to even explain its basis for not doing so, Mr. Townsend will move to compel an answer to the interrogatory and immediate production in response to the request for production.

Regards,

Steve

---

**From:** ahayden@fenwick.com [mailto:ahayden@fenwick.com]
**Sent:** Tuesday, August 01, 2017 2:18 PM
**To:** Steve Hampton
**Cc:** DDonnelly@fenwick.com; jmcmichael@fenwick.com; David Petty; david.potter@bipc.com; Carmen Camarena
**Subject:** RE: Townsend v. Brooks: Brooks' Responses to First Sets of Interrogatories and RFPs

Steve,

At the preliminary pretrial conference, Judge McCoy indicated that he understands that the parties will likely "*tender to the Court a stipulated protective order* governing the production and use of confidential materials in this case." Tr. at 16:20-24 (emphasis added). The draft I sent is fashioned as something that would be filed, consistent with that.

We appreciate Townsend's other concerns outlined in your message below. Plaintiff, of course, is in the best please to specify the particular provisions Mr. Townsend proposes. We think it would be most efficient for plaintiff to provide redlined revisions to the draft I sent earlier for Brooks to review, but we're happy to revert another version otherwise.

Amy

---

**From:** SHAMPTON@mcandrews-ip.com [mailto:SHAMPTON@mcandrews-ip.com]
**Sent:** Wednesday, July 26, 2017 3:08 PM
**To:** Amy Hayden <ahayden@fenwick.com>
**Cc:** Darren Donnelly <DDonnelly@fenwick.com>; Jon McMichael <jmcmichael@fenwick.com>; DPETTY@mcandrews-ip.com; david.potter@bipc.com; CCamarena@mcandrews-ip.com
**Subject:** RE: Townsend v. Brooks: Brooks' Responses to First Sets of Interrogatories and RFPs

Amy,

Thank you for forwarding the proposed protective order.

On a procedural matter, I don't believe that this should be filed and I do not believe that the parties should ask that it be entered as an order. Rather, in accordance with the court's Case Management and Scheduling Order. this should be a confidentiality agreement or stipulation between the parties. See Case Management and Scheduling Order (Dkt. 32) at section I.F. Accordingly, the proposed order should be revised to be a stipulation by removing references to orders, e.g. the preamble and sections 13 and 27.

2

A substantive issue for the Plaintiff is that it does not provide the Plaintiff access to "Designated Material."  The provisions of the proposed order (agreement) are conventional for a business entity party that has in-house counsel, but do not provide reasonable access for Mr. Townsend as an individual and a party.  Therefore, Plaintiff proposes that section 5 be amended to provide access to Plaintiff, an individual and one designated advisor, both of whom will execute an undertaking of the form attached for experts and consultants, and that section 9 be amended to also provide them access to higher level confidentiality materials.

Regards,

Steve

---

**From:** ahayden@fenwick.com [mailto:ahayden@fenwick.com]
**Sent:** Wednesday, July 26, 2017 2:15 PM
**To:** Steve Hampton
**Cc:** DDonnelly@fenwick.com; jmcmichael@fenwick.com; David Petty; david.potter@bipc.com; Carmen Camarena
**Subject:** RE: Townsend v. Brooks: Brooks' Responses to First Sets of Interrogatories and RFPs

Steve,

Attached is a draft of Brooks' proposed stipulated joint protective order regarding the treatment of confidential information in this case.  Can you review and let us know if Plaintiff has any edits?  Once we get a finalized version, we can handle filing on our end.

Our client is reviewing in parallel, but we want to get this over to you so Plaintiff can review as well.

Best,
Amy

---

**From:** SHAMPTON@mcandrews-ip.com [mailto:SHAMPTON@mcandrews-ip.com]
**Sent:** Tuesday, July 25, 2017 9:08 AM
**To:** Amy Hayden <ahayden@fenwick.com>
**Cc:** Darren Donnelly <DDonnelly@fenwick.com>; Jon McMichael <jmcmichael@fenwick.com>; DPETTY@mcandrews-ip.com; david.potter@bipc.com; CCamarena@mcandrews-ip.com
**Subject:** RE: Townsend v. Brooks: Brooks' Responses to First Sets of Interrogatories and RFPs

Amy,

Your answer is sadly unsurprising.  Brooks refuses to comply with any discovery obligation and attempts to blame the plaintiff for its refusal.  That will not relieve Brooks of its obligation to comply with discovery.

Your response that Brooks refuses to timely answer the portions of interrogatory no. 1 that are not within the scope of any objection based on inconvenience to Brooks is no excuse.  And how long has Brooks given itself to comply with its obligations to produce documents?  Does Brooks really expect that it can refuse to provide discovery to Mr. Townsend based on pro forma and perfunctory objections, and that it is Mr. Townsend's burden to guess what protective order Brooks has decided is a threshold for Brooks to provide discovery?  Perhaps your experience is that parties who seek discovery are willing to do that — but we are not.

Please propose the protective order on which Brooks relies for its refusal to provide discovery, provide the response to interrogatory no. 1 that is outside Brooks' objections, and provide a date on which Brooks will produce documents in response to Mr. Townsend's requests for production.

Regards,

Steve

---

**From:** ahayden@fenwick.com [mailto:ahayden@fenwick.com]
**Sent:** Monday, July 24, 2017 6:44 PM
**To:** Steve Hampton; David.Potter@bipc.com
**Cc:** DDonnelly@fenwick.com; jmcmichael@fenwick.com; David Petty; Carmen Camarena
**Subject:** RE: Townsend v. Brooks: Brooks' Responses to First Sets of Interrogatories and RFPs

Steve,

Mr. Townsend's Interrogatory No. 1 requests six categories of information and the discovery it calls for includes information and/or documents confidential to Brooks. As indicated in the response, Brooks contemplates serving a supplemental response with a narrative response to this interrogatory (subject to its objections) under a suitable protective order. Brooks was optimistic that the parties would not need extensive negotiation of a protective order for this case and did not think that trying to prepare multiple piecemeal responses pending that was efficient for either party.

Concerning Mr. Townsend's requests for production, the responses served on Friday indicate which responses to which Brooks intends to produce documents in response (subject to its objections). As indicated in the responses, Brooks contemplates producing documents sought under some requests once a protective order is in place, and for others in the timeframe set forth in the Court's scheduling order. Brooks has begun collecting documents; it anticipates reviewing the collected documents for privilege, responsiveness, relevance, and confidentiality designations, and then starting its production(s). We will have a better sense of when Brooks production will begin after we assess the remaining collection volume.

While ordinarily Brooks would have expected the plaintiff to initially propose a draft protective order, Brooks is happy to prepare one to move the process along and will send one shortly for your review.

Best,
Amy

---

**From:** SHAMPTON@mcandrews-ip.com [mailto:SHAMPTON@mcandrews-ip.com]
**Sent:** Monday, July 24, 2017 9:03 AM
**To:** Amy Hayden <ahayden@fenwick.com>; David.Potter@bipc.com
**Cc:** Darren Donnelly <DDonnelly@fenwick.com>; Jon McMichael <jmcmichael@fenwick.com>; david.potter@bipc.com; DPETTY@mcandrews-ip.com; CCamarena@mcandrews-ip.com
**Subject:** RE: Townsend v. Brooks: Brooks' Responses to First Sets of Interrogatories and RFPs

Amy,

Please clarify. Is it Brooks' position that there is no information requested by interrogatory No. 1 that is not confidential and not otherwise objected to, including the names and models of the Brooks shoes described by this interrogatory? If not, on what basis does Brooks refused to provide that information?

As to the requests for production, is it Brooks' position that no document requested by Mr. Townsend is not objected to? If that is not the case, when will Brooks produce those documents?

Regards,

4

Steve

---

**From:** ahayden@fenwick.com [mailto:ahayden@fenwick.com]
**Sent:** Friday, July 21, 2017 10:10 PM
**To:** David.Potter@bipc.com; Steve Hampton
**Cc:** DDonnelly@fenwick.com; jmcmichael@fenwick.com
**Subject:** Townsend v. Brooks: Brooks' Responses to First Sets of Interrogatories and RFPs

Counsel,

Attached for service are BrooksÃ¢â„¢ responses to PlaintiffÃ¢â„¢s first sets of interrogatories and requests for production.

Best regards,
Amy

**Fenwick**
FENWICK & WEST LLP

**AMY E. HAYDEN, PH.D**
Fenwick & West LLP
Associate, Litigation Group
☎ (415) 875-2454
🖷 (650) 938-5200
✉ ahayden@fenwick.com

---

NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or entity to whom the email is addressed. However, mistakes sometimes happen in addressing emails. If you believe that you are not an intended recipient, please stop reading immediately. Do not copy, forward, or rely on the contents in any way. Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy of this email and its attachments. Sender reserves and asserts all rights to confidentiality, including all privileges that may apply.

http://www.mcandrews-ip.com

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged information. Any dissemination, distribution or copying of this material is prohibited. If you received this message in error, please notify the sender by replying to this message and then delete it from your system. Your cooperation is appreciated.

http://www.mcandrews-ip.com

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless otherwise expressly indicated, is confidential and privileged

5

information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is appreciated.

http://www.mcandrews-ip.com

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is appreciated.

http://www.mcandrews-ip.com

CONFIDENTIALITY NOTICE:

This Material is intended for the named recipient and, unless
otherwise expressly indicated, is confidential and privileged
information. Any dissemination, distribution or copying of
this material is prohibited. If you received this message in
error, please notify the sender by replying to this message
and then delete it from your system. Your cooperation is appreciated.