**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

HERBERT E. TOWNSEND, an individual,

Plaintiff,

v.

BROOKS SPORTS, INC., a Washington corporation,

Defendant.

Case No. 2:17-cv-00062-UA-MRM

**DEFENDANT BROOKS SPORTS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S ALTERNATIVE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. RELEVANT FACTUAL BACKGROUND ..... 1

III. TOWNSEND DOES NOT NEED PERMISSION TO TAKE DISCOVERY ON HIS CHOICE OF VENUE ..... 3

IV. TOWNSEND'S REQUEST IS UNTIMELY ..... 4

V. TOWNSEND'S REQUESTS FOR DISCOVERY ARE UNWARRANTED BECAUSE ANY NEW FACTS DISCOVERED WILL NOT CHANGE THE OUTCOME OF BROOKS' VENUE MOTION ..... 7

VI. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adstep, Inc. v. Freeman Decorating Co.*,
No. 3:02-cv-1002-HTS, 2003 WL 25276323 (M.D. Fla. Sept. 16, 2003)................................7

*Allen v. Clyburn*,
No. 08-cv-216-FHS, 2008 WL 3245566 (E.D. Okla. 2008)....................................................9

*Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*,
859 F.3d 1337 (11th Cir. 2017) ..........................................................................................6

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009)...........................................................................................5

*Chudasama v. Mazda Moto Corp.*,
123 F.3d 1353 (11th Cir. 1997) ..........................................................................................9

*Eaton v. Dorchester Dev., Inc.*,
692 F.2d 727 (11th Cir. 1982) ............................................................................................6

*Ellis v. Fortune Seas, Ltd.*,
175 F.R.D. 308 (S.D. Ind. 1997)..........................................................................................9

*In re Cordis Corp.*,
769 F.2d 733 (Fed. Cir. 1985)............................................................................................10

*Legacy Data Access v. Mediquant, Inc.*,
No. 3:15-cv-584-FDW-DSC, 2016 WL 633415 (W.D. N.C. Feb. 17, 2016)...........................9

*Majd-Pour v. Georgiana Cmty. Hosp., Inc.*,
724 F.2d 901 (11th Cir. 1984) .........................................................................................3, 4

*Mother Doe I v. Al Maktoum*,
632 F. Supp. 2d 1130 (S.D. Fla. 2007) ...............................................................................6

*Owens v. Kristen Gerhard Jebsen Skipsrederi A/S*,
No. 8:08-cv-264-T-23TBM, 2008 WL 4067431 (M.D. Fla. Aug. 27, 2008) ...........................6

*Posner v. Essex Ins. Co., Ltd.*,
178 F.3d 1209 (11th Cir. 1999) ......................................................................................5, 6, 7

*RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*,
579 F. App'x 779 (11th Cir. 2014) ....................................................................................10

*Steinberg v. Barclay's Nominees (Branches) Ltd.*,
No. 04-cv-60897-MARRA, 2007 WL 4287662 (S.D. Fla. Dec. 5, 2007)................................3

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
137 S. Ct. 614 (2016)........................................................................................1, 2, 7, 8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
137 S. Ct. 1514 (2017)..........................................................................................2, 7, 8

*United Techs. Corp. v. Mazer*,
556 F.3d 1260 (11th Cir. 2009) ........................................................................4, 5, 6, 7

*Univ. of Ill. Found. v. Channel Master Corp.*,
382 F.2d 514 (7th Cir. 1967) ....................................................................................10

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
917 F.2d 1574 (Fed. Cir. 1990)....................................................................................8

*W.S. Tyler Co. v. Ludlow-Saylor Wire Co.*,
236 U.S. 723 (1915)..................................................................................................10

*Wolf v. Celebrity Cruises, Inc.*,
No. 15-12341, 2017 WL 1149092 (11th Cir. Mar. 28, 2017)............................................6, 10

## STATUTES

28 U.S.C. § 1391........................................................................................................1, 7, 8

28 U.S.C. § 1400(b) ...............................................................................................1, 7, 8, 10

## OTHER AUTHORITIES

Adam Liptak, *Supreme Court Ruling Could Hinder 'Patent Trolls,'* NY Times,
May 22, 2017, https://www.nytimes.com/2017/05/22/business/supreme-court-patent-lawsuit.html ..........................................................................................................2

Fed. R. Civ. P. 26(d)(1).....................................................................................................2

L.R. 3.01(b)...................................................................................................................2, 4

## I. INTRODUCTION

Defendant Brooks Sports, Inc. ("Brooks") submits this response in opposition to Plaintiff Herbert Townsend's ("Townsend") Alternative Motion for Leave to Take Limited Discovery (Dkt. No. 41, "Mot.").

Townsend's motion is based on the false premise that "Plaintiff has not had the opportunity" to take discovery on the "facts as to Brooks' activity in this district and Brooks' business." Mot. at 1. But discovery opened months ago. This excuse is therefore misplaced and does not support the relief Townsend requests: a do-over in briefing relating to Townsend's defective choice of venue. *See id*. at 3 (requesting "to supplement its opposition with the results of that discovery"). Townsend's motion should also be denied as untimely because Townsend has long known of Brooks' objection to venue. With that knowledge, he still has not propounded any discovery on the issue of venue. In fact, to this day, Townsend has not specifically identified any relevant facts that are allegedly missing from the record or how discovery would provide them.

Brooks' motion to dismiss or transfer venue to the Western District of Washington (Dkt. No. 38) is fully opposed (Dkt. No. 40). Townsend's instant motion seeking to hold dismissal or transfer in abeyance should be denied.

## II. RELEVANT FACTUAL BACKGROUND

Townsend filed suit on February 1, 2017. Dkt. No. 1. Two months earlier, in December of 2016, the Supreme Court granted *certiorari* in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 614 (2016). The exclusive theory of venue alleged in the Complaint is that "Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because . . . Defendant *has committed acts of infringement* within this judicial district and *resides* within this judicial district as construed under applicable law." Dkt. No. 1 ¶ 7 (emphasis added). The

Complaint, however, recognized (and alleged) that Brooks is a Washington corporation based in Seattle. *Id.* ¶ 2.

On May 22, 2017 the Supreme Court issued its opinion in *TC Heartland* and held, for venue purposes in patent cases, a domestic corporation, like Brooks, *resides* only in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017). The New York Times covered the decision that same day. *See* Adam Liptak, *Supreme Court Ruling Could Hinder 'Patent Trolls,'* NY Times, May 22, 2017, https://www.nytimes.com/2017/05/22/business/supreme-court-patent-lawsuit.html. Also on that same day, discovery opened in this case. *See* Dkt. No. 29; Fed. R. Civ. P. 26(d)(1).

The Court held an in-person preliminary pretrial conference on June 13, 2017. Dkt. No. 29; Dkt. No. 31. There, counsel for Brooks informed Townsend and the Court of its intent to file a motion to transfer this case to the Western District of Washington. Dkt. No. 31. The Court ordered Brooks to file its transfer motion by July 7, 2017, and by extension, ordered Townsend to file any opposition by July 21, 2017. *Id.*; Dkt. No. 33; *see also* Local Rule 3.01(b).

On June 21, 2017, knowing of Brooks' impending transfer motion, Townsend served interrogatories and requests for production of documents on Brooks. Declaration of Jonathan T. McMichael ("McMichael Decl.") ¶ 2, Exs. A–B. While Townsend's six-part interrogatory sought information relating to the accused products, including annual sales figures, he did not seek any information relevant to venue or this district. *See id.*, Ex. A at 7. Townsend's 42 requests for production were likewise unrelated to venue.[1] *See id.*, Ex. B at 5–14.

[1] Townsend filed a motion today relating to its June 21 discovery requests on non-venue issues. Dkt. No. 42. Brooks disagrees with the characterizations in Townsend's motion and will respond in due course. Regardless, Townsend still has not attempted to serve any discovery requests relating to venue. In fact, although Brooks offered to prioritize collection of categories

Brooks filed its transfer motion on July 7, 2017. *See* Dkt. No. 38. Then, on July 20, the day before its opposition was due, Townsend notified Brooks that, along with its opposition, it intended to ask the Court to hold "in abeyance" an order granting Brooks' motion so Townsend could take venue discovery and make another filing with the Court, what it called a "contingent motion for venue discovery." McMichael Decl. ¶ 3, Ex. C. Townsend stated that he wanted discovery relating to "all specific activities of [Brooks] and [Brooks'] employees in Florida for a reasonable period of time." *Id.*

Townsend filed his opposition to Brooks' transfer motion on July 21. Dkt. No. 40. The venue issue is ripe for consideration. To date, Townsend still has not served any venue-related interrogatories or requests for production on Brooks.

## III. TOWNSEND DOES NOT NEED PERMISSION TO TAKE DISCOVERY ON HIS CHOICE OF VENUE

At the outset, Townsend's motion is based on a false premise: That Townsend needs leave of the Court to take discovery relating to venue. The Court can deny Townsend's motion and he could still serve the discovery requested, as discovery opened more than two months ago, on May 22. *See* Dkt. No. 4 at 2; Dkt. No. 29. Since that date, Townsend has had the right and the ability to take the discovery he allegedly needs, but has chosen not to do so.

The authorities on which Townsend relies are distinguishable and do not support his request for relief. These cases primarily arise from Rule 12 motions *prior to* discovery opening. *See Steinberg v. Barclay's Nominees (Branches) Ltd.*, No. 04-cv-60897-MARRA, 2007 WL 4287662 at *2 (S.D. Fla. Dec. 5, 2007) (granting limited jurisdictional discovery relating to a Rule 12(b)(2) motion to dismiss where, unlike here, discovery had not yet opened); *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) (finding a district court erred in

of documents that Townsend was interested in receiving first, Townsend refused Brooks' offer. *See* McMichael Decl. ¶ 4, Ex. D at 1.

preventing "any opportunity to proceed with reasonable discovery" because, unlike here, it dismissed the suit only seven days after it was filed). Where discovery is not yet open, and where a plaintiff makes a specific request for limited jurisdictional discovery, these cases indicate that such requests may be granted.

However, the critical fact in these cases — that discovery had not opened — is not present here. In this case, discovery opened nearly two months before Townsend was required to come forward with evidence supporting venue. Townsend served no discovery on that issue, and came forward with no evidence. Townsend cannot now couch its decision to forego venue discovery in case law where the plaintiff simply had no ability to take any discovery at all. Townsend's motion should be denied.

**IV. TOWNSEND'S REQUEST IS UNTIMELY**

Townsend's request should also be denied because it is untimely. Since at least June 13, Townsend has known of Brooks' intent to challenge venue in this District. *See* Dkt. No. 31. Since that same date, Townsend has known that he would be expected to come forward with evidence justifying his choice of venue on July 21, 2017. *Id.*; Local Rule 3.01(b). Townsend did not come forward with any evidence. *See* Dkt. No. 40 (Townsend's opposition to Brooks' venue motion, submitting no evidence challenging the facts in Brooks' declaration). Townsend did not ask the Court to reset the date for his Opposition to a date after he had propounded discovery. Rather, he propounded discovery (on other issues) and he filed his Opposition. McMichael Decl. ¶ 2, Exs. A & B. To this day, Townsend still has not (1) identified the specific discovery allegedly needed, or (2) served any discovery requests seeking that information from Brooks. On these facts, Townsend's failure to diligently pursue venue-related discovery warrants denial of this motion. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1281 (11th Cir. 2009) (finding no error in dismissal, rather than grant of jurisdictional discovery, where the plaintiff failed to

promptly to serve discovery requests).

The Eleventh Circuit[2] evaluates requests for jurisdictional discovery[3] based on considerations such as the timeliness of the request, whether the plaintiff has been given a reasonable opportunity to conduct the allegedly necessary discovery, and the specific requests made by the plaintiff. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999). Where a plaintiff "ha[s] taken every step possible" to identify and obtain the discovery it needs, a court may defer ruling on a defendant's motion pending the results of such discovery. *United Techs.*, 556 F.3d at 1281. However, where a plaintiff makes only a generalized allegation that additional discovery could be useful, but "fail[s] to take . . . reasonable steps to seek discovery," the request is properly denied. *See id.* (rejecting argument that court erred by dismissing a case rather than deferring its ruling and allowing jurisdictional discovery).

For example, in *Posner*, the Eleventh Circuit considered the propriety of jurisdictional discovery. The defendant had filed a motion to dismiss with an affidavit to challenge the plaintiff's jurisdictional allegations. *Posner*, 178 F.3d at 1214. The plaintiff offered no evidence to contradict that affidavit, and instead requested discovery on jurisdictional issues in its opposition brief. *Id.* Despite its belated request for discovery, the plaintiff made "no discovery efforts" in the months between filing of the complaint and the time the action was ultimately dismissed. *Id.* at 1214 n.7. Moreover, the plaintiff "failed to specify what [it] thought could or should be discovered." *Id.* The Eleventh Circuit held that jurisdictional discovery was properly

[2] Although venue in patent cases is a matter of Federal Circuit law, whether to grant venue-related discovery is not unique to patent law. Therefore, Eleventh Circuit law applies. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1021–22 (Fed. Cir. 2009).

[3] As noted above, requests for leave to conduct jurisdictional discovery typically come before the regular discovery period begins. That is not the case here; Townsend needs no leave to serve the allegedly necessary discovery. However, even the case law on requests made pre-discovery counsels that Townsend's motion should be denied.

denied. *Id.*

Courts in this Circuit have often applied the analysis in *Posner* to find that vague requests for jurisdictional discovery, if not fervently pursued by a plaintiff, should be denied. *See, e.g.*, *Wolf v. Celebrity Cruises, Inc.*, No. 15-12341, 2017 WL 1149092, at *3 (11th Cir. Mar. 28, 2017) (affirming that jurisdictional discovery "should not serve as [a] fishing expedition[]" and holding that plaintiff's "general request," failing to "specify what information he sought or how that information would bolster his allegations," was properly denied); *United Techs.*, 556 F.3d at 1281 (affirming denial of jurisdictional discovery where, among other things, the plaintiff delayed in serving discovery requests); *Owens v. Kristen Gerhard Jebsen Skipsrederi A/S*, No. 8:08-cv-264-T-23TBM, 2008 WL 4067431, at *5 (M.D. Fla. Aug. 27, 2008) (acknowledging that "jurisdictional discovery is not freely granted" and denying request for jurisdictional discovery where the plaintiff "fail[ed] to specify the evidence he sought") (internal citation omitted); *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1146–47 (S.D. Fla. 2007) (declining to defer ruling on a motion to dismiss where the plaintiff made no effort to engage in the discovery, "notwithstanding [its] awareness that Defendants intended to vigorously oppose the exercise of jurisdiction over them").[4] Where discovery is already open, but the plaintiff has nevertheless failed to pursue the discovery it allegedly needs, courts in this district have held that

---

[4] In contrast, the Eleventh Circuit has found an abuse of discretion where a plaintiff has been denied any opportunity to take discovery it allegedly needs. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730-31 (11th Cir. 1982) (reversing dismissal for lack of personal jurisdiction as premature where, unlike here, plaintiff had already served subpoenas identifying specific materials to support the allegations, but had not yet received that discovery); *Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (reversing denial of jurisdictional discovery where, unlike here, the district court "completely denied [the defendant] any opportunity to inquire" into the jurisdictional facts). These cases are readily distinguishable from the instant case, where Townsend *has* had the opportunity to take discovery (and indeed, has done so), but nevertheless has failed to pursue the discovery it allegedly needs. *Posner*, 178 F.3d at 1214 n.7 (distinguishing *Eaton* on this basis).

"it would be inappropriate to delay disposition of the case for further jurisdictional discovery." *Adstep, Inc. v. Freeman Decorating Co.*, No. 3:02-cv-1002-HTS, 2003 WL 25276323, at *8 (M.D. Fla. Sept. 16, 2003) (granting motion to transfer venue under 28 U.S.C. § 1400(b)).

Here, the facts are just like those in *Posner* and its progeny. If Plaintiff did not actually foresee Brooks' venue challenge after the Court's *TC Heartland* decision, he was explicitly told of it on June 13 and cannot be said to have "taken every step possible" to obtain the discovery he claims he needs. *Cf. United Techs.*, 556 F.3d at 1281. Instead, Townsend filed an Opposition to Brooks' venue motion and asks the Court to give him another chance to oppose the motion if the Court finds his Opposition lacking while, in the meantime, declining to serve any venue-related discovery requests on Brooks. Townsend's request is not so much one for permission to take discovery, but one for forgiveness for not having timely done so. Faced with a ruling against him, Townsend asks for a second bite at the apple. The Court should follow the unambiguous guidance of the Eleventh Circuit and decline Townsend's attempt to further delay transfer of this case.

## V. TOWNSEND'S REQUESTS FOR DISCOVERY ARE UNWARRANTED BECAUSE ANY NEW FACTS DISCOVERED WILL NOT CHANGE THE OUTCOME OF BROOKS' VENUE MOTION

The patent venue statute provides that a "civil action for patent infringement may be brought in the judicial district [1] where the defendant resides, or [2] where the defendant has [2.a] committed acts of infringement and [2.b] has a regular and established place of business." 28 U.S.C. § 1400(b) (internal notations added). The theory of venue Townsend pled is that "Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because . . . Defendant *has committed acts of infringement* within this judicial district and *resides* within this judicial district as construed under applicable law." Dkt. No. 1 ¶ 7 (emphasis added).

The Supreme Court's decision in *TC Heartland* made clear that a domestic corporation

resides only in the state of its incorporation. *TC Heartland*, 137 S. Ct. at 1521. Prior to *TC Heartland*, whether a defendant had committed acts of infringement within the judicial district was relevant to whether venue existed under 28 U.S.C. § 1391, because it could be a basis for personal jurisdiction. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990), abrogated by *TC Heartland*, 137 S. Ct. 1514. *TC Heartland* also made clear that 28 U.S.C. § 1391 does not add a basis for venue in a suit against a domestic corporation that is not in § 1400(b). *TC Heartland*, 137 S. Ct. at 1519. *TC Heartland* thus gutted the only theory of venue Townsend alleged in his Complaint. After that decision, Townsend did not attempt to amend his pleading to allege that Brooks has a "regular and established place of business" in this district. Nor could he under the controlling law.

In 2016, when the Supreme Court granted *certiorari* in *TC Heartland*, it became highly foreseeable for a patent plaintiff in Florida claiming against a Washington corporation, whose only offices are in Washington, that, if the Supreme Court were to reverse, that a venue challenge would arise. Townsend nevertheless made no attempt to allege a theory of venue which would pass muster under § 1400(b).

The discovery that Townsend apparently seeks does not purport to obtain facts to support a viable venue theory that he alleged in his Complaint. He does not seek to discover that Brooks is incorporated elsewhere. Discovery on whether "Defendant *has committed acts of infringement* within this judicial the district," to support a separate theory under 28 U.S.C. § 1391, is no longer viable.

Nowhere in his Complaint does he allege that Brooks has a "regular and established place of business" in this district. Discovery to support the only allegations in Townsend's Complaint

would not establish any legally cognizable theory of venue.[5]

Discovery requests should not serve as fishing expeditions. That is particularly the case here where they attempt to retroactively explore an issue that was foreseeable at the time of the complaint, and which the plaintiff chose to ignore in its pleading. *See*, *e.g.*, *Legacy Data Access v. Mediquant, Inc.*, No. 3:15-cv-584-FDW-DSC, 2016 WL 633415, at *2 (W.D. N.C. Feb. 17, 2016). Where the facts sought would not affect the outcome, and instead would merely burden the parties and delay resolution of a meritorious motion, requests for discovery should be denied. *Id.*; *Chudasama v. Mazda Moto Corp.*, 123 F.3d 1353, 1367–69 (11th Cir. 1997) (describing the burdens of discovery and holding that a district court abused its discretion by ordering unnecessary discovery before ruling on a motion to dismiss); *see also Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) (collecting cases in agreement that jurisdictional discovery is properly denied where a plaintiff failed to allege a "colorable" or "plausible" basis for exercising jurisdiction). No amount of discovery could make the theory that Townsend alleged in his Complaint legally cognizable.

Additionally, the type of discovery that Townsend apparently contemplates is equally futile on the question of whether Brooks has a "regular and established place of business" in this district under the now-controlling law. For example, to the extent Townsend generally seeks to discover and support venue from the activities of Brooks "in Florida," *see* McMichael Decl. ¶ 3, Ex. C, such information is irrelevant. The propriety of venue in the Middle District of Florida turns on the existence of a "regular and established place of business" *in the Middle District of*

[5] Where there are facial venue problems in the allegations of a complaint, the court may dismiss for improper venue *sua sponte*. *See Allen v. Clyburn*, No. 08-cv-216-FHS, 2008 WL 3245566, at *1 (E.D. Okla. 2008), citing *Kenney v. NKC of Am.*, 225 F. App'x 727, 728 (10th Cir. 2008) ("Sua sponte dismissal for improper venue is appropriate when the defense is obvious from the face of the complaint and no further factual record is required to be developed.") (internal quotation marks omitted).

*Florida*, not the entire state. *See* 28 U.S.C. § 1400(b).

Brooks has already shown that under the precedent of the Supreme Court and the Federal Circuit, Brooks cannot be deemed to have a "regular and established place of business" in light of the facts here. Dkt. No. 38 at 7–9, 11–15. Further discovery is unnecessary and irrelevant to this inquiry. *See* *W.S. Tyler Co. v. Ludlow-Saylor Wire Co.*, 236 U.S. 723, 725 (1915) (finding venue improper even where a corporate defendant paid rent for a physical office — a fact not present here); *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (analyzing venue not based on the volume of a defendant's sales in a district, but on factors such as a defendant keeping substantial inventory present in the district to make sales — facts not present here); *Univ. of Ill. Found. v. Channel Master Corp.*, 382 F.2d 514, 516 (7th Cir. 1967) (finding no venue regardless of the defendant's employee's solicitation of business within a district, as his home was not "by any stretch of the imagination" a regular and established place of business of his employer).

In sum, the facts that are actually relevant to venue are already part of the record. Townsend's motion fails to identify any specific additional facts that would alter the outcome. Allowing Townsend to have a decision adverse to him be held "in abeyance" until he gets another bite at the apple would only increase the burden on Brooks and the Court, and would improperly delay resolution of Brooks' motion. *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790-91 (11th Cir. 2014); *Wolf*, 2017 WL 1149092, at *3. Townsend's belated attempt at a fishing expedition to locate facts relating to a foreseeable venue issue he chose to ignore in his Complaint should be denied.

## VI. CONCLUSION

Brooks told Townsend in June of its challenge to venue, and the Court ordered the parties to brief this issue during the month of July. Brooks' motion demonstrates that venue is improper and because litigation in the Western District of Washington would be clearly more convenient.

Despite having discovery available to it, Townsend chose not to present any evidence to controvert Brooks' declaration. There is no reason to give Townsend a second chance to take the discovery it could have taken long ago. In fact, doing so would be a waste of this Court's resources and would compound the prejudice to Brooks at having to litigate in an improper venue.

For these reasons, Brooks respectfully requests that the Court deny Townsend's motion.

Respectfully Submitted,

Dated: August 4, 2017

FENWICK & WEST LLP

By: */s/Darren Donnelly*

Darren Donnelly (admitted *pro hac vice*)
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500
Fax: (650) 938-5200
Email: ddonnelly@fenwick.com

Amy E. Hayden (admitted *pro hac vice*)
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300
Fax: (415) 281-1350
Email: ahayden@fenwick.com

Jonathan T. McMichael (admitted *pro hac vice*)
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Tel: (206) 389-4510
Fax: (206) 389-4511
Email: jmcmichael@fenwick.com

Bryan D. Hull
Florida Bar No. 20969
BUSH ROSS, P.A.
1801 N. Highland Avenue
Tampa, FL 33601
Tel: (813) 224-9255
Fax: (813) 223-9620
Email: bhull@bushross.com

*Attorneys for Defendant Brooks Sports, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2017, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

*/s/Darren Donnelly*
Darren Donnelly