IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| HERBERT E. TOWNSEND, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BROOKS SPORTS, INC., a Washington corporation,<br><br>　　　　　　　Defendant. | Case No. 2:17-cv-00062-UA-MRM |

**UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE A
MOTION TO STAY OR, IN THE ALTERNATIVE, TO ALLOW BROOKS TO
RENEW ITS MOTION TO STAY AFTER PETITION FOR *INTER PARTES* REVIEW**

**(EXPEDITED REVIEW REQUESTED)**

Defendant Brooks Sports, Inc. ("Brooks") respectfully requests that the Court extend the deadline for Brooks to seek a stay pending *inter partes* review of the asserted patent in this case. Alternatively, should the Court desire that Brooks file a motion to stay on August 18, 2017, Brooks respectfully requests that the Court allow it to renew that motion to stay after Brooks has filed its petition seeking *inter partes* review. Plaintiff Herbert Townsend ("Townsend") does not oppose the motion.

Townsend filed this action on February 1, 2017. Dkt. No. 1. Brooks waived service of summons, and Townsend filed that waiver on March 14, 2017. Dkt. No. 9. Therefore, pursuant to 35 U.S.C. § 315(b), the statutory deadline for Brooks to file a petition seeking *inter partes* review is March 14, 2018. *Motorola Mobility LLC v. Arnouse*, IPR2013-00010, Paper 20 at 6 (PTAB Jan. 30, 2013) ("[I]n the situation where the petitioner waives service of a summons, the one-year time period begins on the date on which such a waiver is filed.").

1

The Court held a preliminary pretrial conference on June 13, 2017. *See* Dkt. No. 31. At the conference, Brooks' counsel informed the Court that Brooks expected to file a petition for *inter partes* review with the Patent Office and thereafter request that this Court stay the instant action pending outcome of the *inter partes* review. Brooks' counsel indicated to the Court that Brooks expected to file its petition before August 18, 2017, and the Court set that date for Brooks to file a motion to stay this district court litigation pending *inter partes* review by the Patent Office. Dkt. No. 33 at 1.

On July 13, 2017, Townsend served on Brooks its Disclosure of Infringement Contentions that identified which patent claim(s) Townsend would be asserting in this litigation.

Counsel for Brooks has worked diligently both to locate prior art and prepare its petition seeking *inter partes* review. However, Brooks has encountered unexpected scheduling delays with prospective expert and fact witnesses. Brooks now expects that it will file its petition after August 18.

Brooks believes that the Court will be better able to consider and decide Brooks' motion to stay pending decision on an *inter partes* review if it has the benefit of the underlying petition. There is no hard-and-fast rule on when, in the lifecycle of a post-grant Patent Office proceeding, a court should decide a motion to stay. *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014) (noting various times at which district courts have ruled on motions to stay and stating "[w]e express no opinion on which is the better practice"). Many courts do perceive a benefit from seeing the petition and/or the Patent Office's Institution Decision. *Compare Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (collecting cases) *with e.g.*, *Cannarella v. Volvo Car USA LLC*, No. CV-16-6195-RSWL-JEMx, Dkt. 37 at 33-38 (C.D. Cal.

Dec. 12, 2016).  Setting a date for Brooks to file or renew a motion to stay after a petition is filed will give the court an opportunity to review to better evaluate a motion to stay, which most courts find valuable.

As such, Brooks respectfully requests that the Court extend the deadline to file a motion to stay pending *inter partes* review from August 18, 2017 to September 20, 2017.  This additional time will not affect other deadlines in the Court's Case Management and Scheduling Order (Dkt. No. 32).  For example, claim construction disclosures are not set to begin until October 11, 2017.  Dkt. No. 32 at 4.  Additionally, the requested deadline is still approximately six months before the statutory deadline (March 14, 2018) for Brooks to file its petition.  Indeed, the additional time will allow Brooks to better prepare an *inter partes* review petition, thus avoiding the need for the Court or the parties to spend additional resources on this litigation.

Counsel for Brooks has met and conferred with counsel for Townsend, and Townsend does not oppose this requested extension.  Brooks therefore respectfully requests that the Court extend the deadline for Brooks to file a motion to stay (and its corresponding *inter partes* review petition) from August 18, 2017 to September 20, 2017.

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned hereby certifies that counsel for Brooks has conferred with counsel for Townsend with respect to this motion, and Townsend does not oppose the relief requested in this motion.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated:  August 7, 2017 | FENWICK & WEST LLP |
|  | By: */s/Darren Donnelly*<br>Darren Donnelly (admitted *pro hac vice*)<br>801 California Street<br>Mountain View, CA 94041<br>Tel: (650) 988-8500<br>Fax: (650) 938-5200<br>Email:  ddonnelly@fenwick.com |
|  | Amy E. Hayden (admitted *pro hac vice*)<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Tel: (415) 875-2300<br>Fax: (415) 281-1350<br>Email:  ahayden@fenwick.com |
|  | Jonathan T. McMichael (admitted *pro hac vice*)<br>1191 Second Avenue, 10th Floor<br>Seattle, WA 98101<br>Tel: (206) 389-4510<br>Fax: (206) 389-4511<br>Email:  jmcmichael@fenwick.com |
|  | Bryan D. Hull<br>Florida Bar No. 20969<br>BUSH ROSS, P.A.<br>1801 N. Highland Avenue<br>Tampa, FL 33601<br>Tel: (813) 224-9255<br>Fax: (813) 223-9620<br>Email:  bhull@bushross.com |
|  | *Attorneys for Defendant Brooks Sports, Inc.* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 7, 2017, all counsel of record who consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

*/s/Darren Donnelly*
Darren Donnelly