|   |   |
|---|---|
| | HONORABLE RICARDO S. MARTINEZ |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERBERT E. TOWNSEND, an individual<br><br>Plaintiff,<br><br>vs.<br><br>BROOKS SPORTS, INC., a Washington corporation<br><br>Defendant. | Civil Action No. 2:17-cv-01322-RSM<br><br>**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**FRIDAY, FEBRUARY 16, 2018** |

### I. MOVING PARTY'S INTRODUCTORY STATEMENT

Plaintiff Herbert Townsend is the moving party. Mr. Townsend is the inventor and owner of US Patent No. 7,940,416, ('416 Patent") titled "Shoe with Cushioning and Speed Enhancement Midsole Components and Method for Construction Therefore." (Exhibit 1). The patent claims are directed to a shoe having special inserts in the shoe beneath the foot - the "midsole" of the shoe. The claimed inserts' unusual behavior is called "dilatant" behavior. When the inserts are slowly loaded (as in walking) they are relatively "soft." When they are rapidly loaded (as in running) they are relatively "stiff." Mr. Townsend applied for the '416 patent in 2004.

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM

-1-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

1   The evidence will show that in 2005, a pair of "Power Bounce" shoes was purchased from Mr. Townsend and that the address to which those shoes were requested to be shipped was a Brooks facility. The Townsend Power Bounce shoe was made under the '416 Patent.

Beginning in about late 2009, Defendant Brooks Sports, Inc. sold running shoes with midsole inserts that Brooks called "Brooks DNA". Brooks DNA inserts exhibit the dilatant behavior claimed by the '416 Patent. The "Brooks DNA" shoes have been an enormous commercial success for Brooks and the "DNA" feature is the focus for Brooks' marketing of these shoes.

In 2009, Brooks filed a patent application directed to the same subject as the asserted '416 patent, which ultimately issued as US Patent Number 8,209,885. (The Brooks '885 Patent) (Exhibit 2). That patent names as inventors three Brooks employees, one of whom, Vaikunthanathan Veeriah (or "Nathan Vaikuntha") ordered the Plaintiff's commercial embodiment of the claimed shoe in 2005 and had it shipped to Brooks' headquarters in Bothell, Washington. (Exhibit 3). The later Brooks '885 patent states that "Some attempts have been made to provide a shoe with dilatant (i.e., shear-thickening) materials in the sole." Exhibit 2 at Col. 1, lns. 43-44. Brooks did not disclose to the U.S. Patent Office the '416 patent or the Power Bounce shoe when Brooks filed the application for the '885 patent. Plaintiff contends that Brooks learned of using dilatant material in a running shoe from Plaintiff Townsend and attempted to obtain a patent for itself while failing to disclose the existence of either the Townsend '416 patent or Townsend's "Power Bounce" shoe to the examiner.

Discovery requests were served on June 21, 2017, when this case was pending in the United States District Court for the Middle District of Florida. Brooks responded to those requests on July 21, 2017. Since then, despite vaguely agreeing to produce documents, Brooks has produced some documents showing some elements of the accused design, but no documents directed to the requests that follow. Furthermore, Brooks' written response is grossly out of step with the new amendments to Federal Rule of Civil Procedure 34 that were designed to prevent the dissembling on display in Brooks' responses.

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM

-2-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

Of immediate particular concern is Brooks' failure to produce any records associated with its acquisition, testing, evaluation, and copying of the Townsend "Power Bounce" shoe despite Brooks receiving the Townsend shoe during its product development of the accused shoe and evidence from Brooks' limited production to date that Brooks had the published application for the Townsend '416 patent. (Exhibit 4, copy of the '416 patent application produced by Brooks). Brooks has also flatly refused to produce or even log any materials connected with Brooks' effort to "patent around" the Townsend '416 patent by applying for the Brooks '885 patent, even though Brooks itself pointed to the '885 patent in pre-suit correspondence as evidence of the structure and function of the Brooks' accused "DNA" shoe. (Exhibit 5, pre-filing correspondence from Brooks' patent attorney that uses figures from the '885 patent to illustrate Brooks' shoe design – Compare Exhibit 2, Figure 3 with the figures at Exhibit 5, page 4).

## II. MEET AND CONFER REQUIREMENT CERTIFICATION

Townsend's counsel certifies that they conferred with Brooks' counsel in an effort to resolve this dispute, both by correspondence and in teleconferences on January 9, 2018 and January 17, 2018 between Steve Hampton, Greg Schodde, and John Denkenberger for Townsend and Darren Donnelly and Jonathan McMichael for Brooks. Prior to both conferences, Townsend's counsel also provided Brooks' counsel with draft Joint Rule 37 submissions under Local Civil Rule 37(a)(2). Brooks, however, has not consented to the expedited procedure. Brooks was requested to provide its "best and final" position by January 24, 2018. (Exhibit 6). Near the close of business, Pacific Time, Brooks responded with the letter attached as Exhibit 9. That letter did not contain Brooks' best and final position, did not address any of the specific requests that are briefed here, did not unequivocally withdraw Brooks' objections, and only promised unspecified productions at the end of March or later to requests that have been pending for 7 months while continuing to object to Townsend's core requirement for ESI searching – that readily identifiable files be produced without further filtering, and that when electronic filters are

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM

-3-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

applied to ESI the party that proposes the filtering provide transparency and cooperation in identifying what is being filtered, how it is being done, and why it is justified.

### III. THE DISPUTED DISCOVERY REQUESTS AND BROOKS' RESPONSES

**DOCUMENT REQUEST NO. 2**

Please produce all documents and things that relate to or refer to the 416 patent.

**RESPONSE TO REQUEST NO. 2:**

Brooks incorporates its General Objections by reference.

Brooks objects to this request because it seeks information subject to the attorney-client, work product, or any other applicable privileges or immunities under any applicable law. Brooks will exclude privileged and protected information from its response to this request.

Brooks also objects to this request as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court because it seeks information not within Brooks' possession, custody or control; information that is already in Plaintiff's possession, custody, or control; or information that is available to Plaintiff from other sources, including publicly available sources, with equal or less burden than from Brooks.

Brooks further objects to this request because it calls for information that is confidential to Brooks, including but not limited to technical information concerning its products and confidential business information. Brooks will not provide such information without a suitable protective order in place.

Brooks objects to this request and the definition of "416 patent" as vague, ambiguous, overbroad, and unduly burdensome because it includes patents and patent applications other than the asserted patent, U.S. Patent No. 7,490,416. Brooks further objects to this request and definition because it refers to "all patents/patent applications on which the 416 patent is based," but does not explain what it means for the asserted patent to be "based on" a patent or patent application.

Brooks also objects to this request to the extent it prematurely seeks information or documents concerning Brooks' positions on non-infringement, invalidity, unenforceability, claim construction, and whether it will rely on advice of counsel as a defense. Brooks also objects to this request to the extent that it prematurely seeks expert discovery and information to be provided in pre-trial disclosures. The Court's June 16, 2017 Case Management and Scheduling Order in Patent Case (Dkt. No. 32) set out a schedule by which these disclosures of information are to be made. Brooks will not make such disclosures in response to this request in advance of the deadlines provided by the Court.

Brooks objects to this request as vague, ambiguous, overbroad, and unduly burdensome because it seeks "all documents and things that relate to or refer to the 416 patent." Subject to and without waiving its objections, once a suitable protective order is in place, Brooks will produce non-privileged documents

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM

-4-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

responsive to this request, to the extent that such documents exist and are located by Brooks.

**DOCUMENT REQUEST NO. 5**

Please produce all documents and things that relate to or refer to Power Bounce shoes including, without limitation, Power Bounce shoes purchased by Brooks and any inspection, evaluation, or testing of such shoes by Brooks.

**RESPONSE TO REQUEST NO. 5:**

Brooks incorporates its General Objections by reference.

Brooks objects to this request because it calls for information that is confidential to Brooks, including but not limited to technical information concerning its products and confidential business information. Brooks will not provide such information, if any exists, without a suitable protective order in place.

Brooks objects to this request and the definition of "Brooks" as vague, ambiguous, overbroad, and unduly burdensome because it includes entities other than Brooks Sports, Inc. Brooks further objects to this request and definition because it purports to include Brooks' attorneys.

Brooks also objects to this request as vague, ambiguous, overbroad, and unduly burdensome because it seeks "all documents and things that relate to or refer Power Bounce shoes." Brooks further objects to this request and the terms "inspection, evaluation, or testing" as vague and ambiguous and to the term "Power Bounce shoes" as vague, ambiguous, and overbroad.

Brooks objects to this request to the extent it seeks discovery respecting activities Brooks may have undertaken in defense of this action or any allegation of infringement.

Subject to and without waiving its objections, once a suitable protective order is in place, Brooks will produce non-privileged documents responsive to this request, to the extent that such documents exist and are located by Brooks. Brooks further responds that it does not believe that it has ever acquired any shoes made or sold by Plaintiff.

**DOCUMENT REQUEST NO. 6**

Please produce all documents relating to the dates and circumstances surrounding when Defendant became aware of Plaintiff or Power Bounce shoes and acquired any shoes made or sold by Plaintiff, including Power Bounce shoes.

**RESPONSE TO REQUEST NO. 6:**

Brooks incorporates its General Objections by reference.

Brooks objects to this request because it calls for information that is confidential to Brooks, including but not limited to technical information concerning its products and confidential business information. Brooks will not provide such information, if any exists, without a suitable protective order in place.

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM

-5-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

Brooks objects to this request and the definition of "Defendant" as vague, ambiguous, overbroad, and unduly burdensome because it includes entities other than Brooks Sports, Inc. Brooks further objects to this request and definition because it purports to include Brooks' attorneys.

Brooks objects to this request to the extent it seeks information subject to the attorney-client, work product, or any other applicable privileges or immunities under any applicable law. Brooks will exclude privileged and protected information from its response to this request.

Brooks also objects to this request as vague, ambiguous, overbroad, and unduly burdensome because it seeks "all documents relating to [certain] dates and circumstances." Brooks objects to this request and the term "circumstances" as vague and ambiguous and to the term "Power Bounce shoes" as vague, ambiguous, and overbroad.

Subject to and without waiving its objections, once a suitable protective order is in place, Brooks will produce non-privileged documents responsive to this request, to the extent that such documents exist and are located by Brooks. Brooks further responds that it does not believe that it has ever acquired any shoes made or sold by Plaintiff.

**DOCUMENT REQUEST NO. 7**

Please produce documents and things sufficient to show any analysis, evaluation, or testing performed by or on behalf of Defendant on any shoe products (or components thereof) made, sold, or offered for sale by Plaintiff, including Power Bounce shoes.

**RESPONSE TO REQUEST NO. 7:**

Brooks incorporates its General Objections by reference.

Brooks objects to this request because it calls for information that is confidential to Brooks, including but not limited to technical information concerning its products and confidential business information. Brooks will not provide such information, if any exists, without a suitable protective order in place.

Brooks objects to this request and the definition of "Defendant" as vague, ambiguous, overbroad, and unduly burdensome because it includes entities other than Brooks Sports, Inc. Brooks further objects to this request and definition because it purports to include Brooks' attorneys.

Brooks objects to this request to the extent it seeks discovery respecting activities Brooks may have undertaken in defense of this action or any allegation of infringement.

Brooks objects to this request and the terms "analysis, evaluation, or testing" as vague and ambiguous and to the term "Power Bounce shoes" as vague, ambiguous, and overbroad. Subject to and without waiving its objections, Brooks responds that it does not believe that it has any documents responsive to this request.

**DOCUMENT REQUEST NO. 8**

PLAINTIFF'S MOTION FOR AN ORDER
UNDER RULE 37(a)(3)(B)(iv) COMPELLING
THE PRODUCTION OF DOCUMENTS
No. 2:17-cv-01322-RSM

-6-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

Please produce all documents referencing, relating to, or discussing Townsend or any Power Bounce products.

**RESPONSE TO REQUEST NO. 8:**

Brooks incorporates its General Objections by reference.

Brooks objects to this request because it seeks information subject to the attorney-client, work product, or any other applicable privileges or immunities under any applicable law. Brooks will exclude privileged and protected information from its response to this request.

Brooks objects to this Request in that it seeks discovery not relevant to the claims or defenses of the parties in this action.

To the extent that the Request calls for discovery contemplated in the June 16, 2017 Case Management and Scheduling Order in Patent Case (Dkt. No. 32 at 5-6), Brooks will make the non-objectionable discovery on the timeline contemplated by that Order.

Brooks also objects to this request as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court because it seeks information not within Brooks' possession, custody or control; information that is already in Plaintiff's possession, custody, or control; or information that is available to Plaintiff from other sources, including publicly available sources, with equal or less burden than from Brooks.

Brooks objects to this request to the extent it seeks discovery respecting activities Brooks may have undertaken in defense of this action or any allegation of infringement.

Brooks objects to this request as vague, ambiguous, overbroad, and unduly burdensome because it seeks "all documents referencing, relating to, or discussing Townsend or any Power Bounce products." Brooks objects to this request and the term "any Power Bounce products" as vague, ambiguous, and overbroad.

Subject to and without waiving its objections, once a suitable protective order is in place, Brooks will produce non-privileged documents responsive to this request, to the extent that such documents exist and are located by Brooks.

**DOCUMENT REQUEST NO. 14**

Please produce all documents constituting or relating to any validity or patentability prior art search, investigation, report, or opinion or freedom to operate opinion relied upon, reviewed, generated, performed, commissioned, ordered, requested, received, contracted or purchased by or for [Defendant] with respect to any matter disclosed by Brooks' '885 patent.

**RESPONSE TO REQUEST NO. 14:**

Brooks incorporates its General Objections by reference.

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM

-7-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

Brooks objects to this request because it seeks information subject to the attorney-client, work product, or any other applicable privileges or immunities under any applicable law. Brooks will exclude privileged and protected information from its response to this request.

Brooks also objects to this request as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court because it seeks information not within Brooks' possession, custody or control; information that is already in Plaintiff's possession, custody, or control; or information that is available to Plaintiff from other sources, including publicly available sources, with equal or less burden than from Brooks. Brooks further objects to this request as vague, ambiguous, and confusing because it seeks information concerning legal analyses done "for Plaintiff with respect to any matter disclosed by Brooks' '885 patent."

Brooks additionally objects to this request because it calls for information that is confidential to Brooks, including but not limited to technical information concerning its products and confidential business information.

Brooks objects to this request to the extent it seeks information that is not relevant to any claim or defense of any party. Evaluations concerning a non-asserted patent are entirely irrelevant to this case.

Subject to and without waiving its objections, Brooks responds as follows:

Brooks does not have any documents concerning legal analyses done "for Plaintiff with respect to any matter disclosed by Brooks' '885 patent." To the extent that Plaintiff intended Request No. 14 to read legal analyses done "for Defendant with respect to any matter disclosed by Brooks' '885 patent," Brooks will not produce documents in response to this request.

## IV.    ARGUMENT

### A.    Brook's Objections Do Not Comply with Fed. R. Civ. P. 34(b)(2)(C).

Rule 34 was recently amended to end the obfuscating but common practice of reciting a laundry list of objections and then representing that "subject to the objections . . . responsive documents will be produced."  See Advisory Committee Notes, 2015 Amendment, last paragraph.  ("This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections.")  Most of Brooks' responses, including the requests in this motion, use this format. Note also that Brooks incorporated 19 General Objections into every response.  The result is that Townsend cannot determine how, if at all, any of these objections is being applied to withhold

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM

-8-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

documents. The remedy is to rule that all objections are waived and order production. <u>Okada v. Whitehead</u> (C.D. Cal. Oct. 12, 2017, No. 8:15-cv-01449-JLS-KESx) 2017 U.S. Dist. LEXIS 169147. Brooks was warned that if Townsend was obliged to move to compel on this point, Townsend would seek an order that all of Brooks' objections in Brooks' response were waived. (Full Set of Brooks' responses attached as Exhibit 7). Brooks, as of this submission, has promised to supplement its objections in the future but did not unequivocally withdraw them and further delay serves no purpose. An order waiving the objections is appropriate.

      **B.**      **Brooks' Objections Do Not Comply with Fed. R. Civ. P. 34(b)(2)(B).**

This rule was also amended in 2015 to add two new requirements: Objections must be specific and the producing party must give a completion date for completing production. Brooks' responses do not comply with these requirements either. Vauge and conclusory allegations that a request is burdensome or too indefinite to comprehend must be supported by some particularized showing to allow the requesting party to evaluate the validity of the objection. <u>Moser v. Holland</u> (E.D.Cal. Feb. 3, 2016, No. 2:14-cv-02188-KJM-AC) 2016 U.S.Dist.LEXIS 13797. Brooks must also provide a date certain for <u>completing</u> production. Vague promises to complete production by the end of discovery do not satisfy this requirement, and Brooks again declined to provide a completion date in its last offer. Exhibit 9. Again, the remedy is to order a date certain for completing production and to hold that the objections are waived. <u>Okada v. Whitehead</u> (C.D.Cal. Oct. 12, 2017, No. 8:15-cv-01449-JLS-KESx) 2017 U.S. Dist. LEXIS 169147. For the specific requests reproduced, which have been outstanding for months, production should be ordered forthwith. For the balance of the requests, production should be ordered completed in 15 days.

      **C.**      **Brooks' Explicit Claims To Withhold Documents are Waived Because Brooks has Not Provided a Log of Withheld Documents**

Brooks does state that it will withhold "privileged" and "work product" documents, but will not provide a log until March 28. Exhibit 9. Furthermore, Brooks objection to providing a log appears to be based on Patent Local Rule 112. However, even if Brooks is obliged to

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM

-9-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

identify documents that are opinions now, identifying that document on a log now does not require Brooks to take a position as to whether it is an opinion that Brooks will rely on in the future. Such documents have independent evidentiary value to the extent they corroborate knowledge by Brooks of the '416 patent, which may be evidence of copying, which in turn is a secondary consideration of non-obviousness. A log now is required so that Townsend can evaluate, and potentially challenge, the privilege claim during the discovery period.

Brooks also makes various claims to a right to withhold documents based on Confidentiality grounds, but this objection provides no right to withhold documents. If Brooks needs a Protective Order, it is Brooks' obligation to secure one and in the meantime, Patent Local Rule 111 explicitly requires production of "Confidential" documents to proceed on an "Attorneys Only" basis.

Townsend's proposed Order requires Brooks to provide the log required by Rule 26 at the completion of the production from which the document was withheld. Townsend may modify its requested relief and suggest a waiver if Brooks' position in opposition is not substantially justified.

### D. Objections to the production of other information on Prematurity Grounds

Brooks' objection to prematurity generally is contrary to Patent Local Rule 112, and Brooks identifies no document responsive to this request that discovery of would be precluded by Rule 26 or Patent Local Rule 112(a)-(d). Where the Responses point to sequencing under a scheduling order, Brooks' response cites a scheduling order from the transferring court that was vacated with the transfer. This objection should simply be overruled for lack of specificity.

### E. Objections to Production on ESI/Proportionality Grounds.

Brooks did make some General Objections (Nos. 4 and 5 in Exhibit 7) that could be interpreted as a non-specific objection to searching certain unspecified electronic media. Nowhere, however, does Brooks connect these general statements to a showing that the scope and burden of a search for documents responsive to these requests would be unduly burdensome. Nor can Brooks show that these requests are not proportional to the needs of the case. Evidence

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM

-10-

McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

of copying is a secondary consideration of non-obviousness. Ruiz v. A.B. Chance Co., 234 F.3d 654, 659 (Fed.Cir. 2000) (reversing district court decision that failed to make findings on secondary considerations). The damages claim in this case is expected to be large – Brook's sells hundreds of millions of dollars worth of shoes annually and the accused shoe sales are expected to run into nine figures. The plaintiff's resources, on the other hand, are minimal – Herb Townsend exited the shoe business and retired in 2005, and is pursuing this case as an individual. The evidence sought by these requests go to central issues in the case – did Brooks copy Townsend's invention and incorporate it into Brooks' shoes.

Nor has Brooks made any showing that there is any need for "keyword filtering" of electronic files in response to these requests as potentially contemplated by the Model ESI Order. Brooks did propose a modified version of that order that shifted the burden to Townsend to propose terms and reduced the amount of information that Brooks would provide about the stored data. Townsend responded with a proposal that restored the metadata required by the model order and provided more visibility for the requesting party into what was being filtered electronically and how that was being done, specifically, only using filtering on relevant collections when that collection is specifically identified as one that cannot otherwise be reasonably reviewed because it is not a well organized, hierarchical file and is expected to contain a relatively small number of relevant items compared to its overall size. (Townsend's ESI Proposal attached as Exhibit 8). Brooks did not respond to that offering, its small productions to date do not comply with the Model Order or any proposed version of it, and as to the use of electronic filtering tools, Brooks has not made any showing that an ESI complication justifies anything less than an unqualified, prompt production in response to these requests.

### F. Brooks' Refusal to Produce Any Documents in Response to Request for Production Number 14 on Relevancy Grounds Is Not Justified.

In addition to the menu of objections addressed above, Brooks complains that Request 14, which seeks documents concerning the subject matter of the '885 patent, seeks irrelevant information. But as explained above, the '885 patent is directed to the accused subject matter,

PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS
No. 2:17-cv-01322-RSM
-11-
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

and in fact was relied on by Brooks' attorneys to describe the accused shoes. (Exhibit 5, pre-filing correspondence from Brooks' patent attorney that uses figures from the '885 patent to illustrate Brooks' shoe design – Compare Exhibit 2, Figure 3 with the figures at Exhibit 5, page 4). Nowhere does the '885 patent cite the Townsend '416 patent, even though it states that "Some attempts have been made to provide a show with dilatant (i.e., shear thickening) materials in the sole." The requested discovery is likely to show that the '885 patent is a failed attempt to "design around" the Townsend '416 shoe. Prior art searches and clearance analysis of the subject matter of the '885 patent is intertwined with analysis of the Townsend/Power Bounce shoe and relevant to the same secondary considerations of non-obviousness. Responsive documents should be produced.

Brooks' objections should be deemed waived and immediate production ordered. A proposed Order is attached.

January 25, 2018

McAndrews, Held & Malloy, Ltd.

s/ *Gregory C. Schodde*
Steven J. Hampton
shampton@mcandrews-ip.com
Gregory C. Schodde
gschodde@mcandrews-ip.com
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
Admitted Pro Hac Vice

John D. Denkenberger (WSBA No. 25907)
CHRISTENSEN O'CONNOR JOHNSON KINDNESS
Suite 3600
1201 Third Avenue
Seattle, Washington 98101
(206) 682-8100
(206) 224-0779 - fax
john.denkenberger@cojk.com

*Attorneys for Plaintiff*

**PLAINTIFF'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**
No. 2:17-cv-01322-RSM
-12-
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 - Fax

**CERTIFICATE OF SERVICE**

I certify that on January 25, 2018, a true and correct copy of the foregoing was served on the following parties via Electronic CM/ECF:

>Darren Donnelly
>FENWICK & WEST LLP
>801 California Street
>Mountain View, California 94041
>(650) 988-8500
>(650) 938-5200 - fax
>ddonnelly@fenwick.com
>
>Amy E. Hayden
>FENWICK & WEST LLP
>555 California Street, 12th Floor
>San Francisco, California 94104
>(415) 875-2300
>(415) 281-1350 - fax
>ahayden@fenwick.com
>
>Jonathan T. McMichael
>FENWICK & WEST LLP
>1191 Second Avenue, 10th Floor
>Seattle, Washington 98101
>(206) 389-4510
>(206) 389-4511 - fax
>jmcmichael@fenwick.com

s/ Gregory C. Schodde