HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERBERT E. TOWNSEND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BROOKS SPORTS, INC., a Washington corporation,<br><br>Defendant. | Case No. 2:17-cv-01322-RSM<br><br>**BROOKS SPORTS, INC.'S OPPOSITION TO TOWNSEND'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS**<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, February 16, 2018**<br><br>**JURY TRIAL DEMANDED**<br>**ORAL ARGUMENT REQUESTED** |

BROOKS' OPP'N TO MOTION TO COMPEL
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................ 1

II. RELEVANT FACTUAL BACKGROUND ................................................................... 2

III. ARGUMENT .................................................................................................................... 4

    A. Plaintiff's Complaints Regarding the Form of Brooks' Discovery Responses Are Unfounded ............................................................................. 4

        1. There Is No Live Dispute Concerning Rule 34(b)(2)(C) ........................... 4

        2. There Is Also No Live Dispute Concerning Rule 34(b)(2)(B) ................... 5

        3. Brooks Is Not Withholding Documents on the Basis of Confidentiality .... 5

        4. Brooks' Objections to Townsend's RFPs Are Not Waived ........................ 5

        5. Brooks' Privilege and Work Product Objections Are Also Not Waived.... 6

    B. Plaintiff's Substantive Arguments Regarding RFP Nos. 2 and 5–8 Are Moot ...... 8

    C. Brooks Should Not Be Ordered to Produce Privileged Documents Reflecting Advice of Counsel ............................................................................................... 8

    D. There Are No Relevant, Non-Privileged Documents Uniquely Responsive to RFP No. 14 ................................................................................................................... 9

    E. Plaintiff's Overbroad ESI Order Should Not Be Entered ................................... 10

IV. CONCLUSION .............................................................................................................. 12

BROOKS' OPP'N TO MOTION TO COMPEL    i
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*,
  No. 98-cv-2996, 2002 WL 1592606 (N.D. Tex. July 17, 2002) ................................................9

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*,
  408 F.3d 1142 (9th Cir. 2005) ..................................................................................................7

*Ecojet, Inc. v. Luraco, Inc.*,
  No. 16-cv-00487, 2016 WL 9000043 (C.D. Cal. Oct. 12, 2016) .............................................7

*Great Lakes Carbon Corp. v. Cont'l Oil Co.*,
  23 F.R.D. 33 (W.D. La. 1958) ..................................................................................................9

*In re Spalding Sports Worldwide, Inc.*,
  203 F.3d 800 (Fed. Cir. 2000) ................................................................................................10

*Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*,
  392 F. 3d 1317 ........................................................................................................................10

*Microsoft Corp. v. Multi-Tech Sys., Inc.*,
  No. 00-cv-1412, 2002 WL 273146 (D. Minn. Feb. 26, 2002) ..................................................9

*Moser v. Holland*,
  No. 14-cv-2188, 2016 WL 426670 (E.D. Cal. Feb. 4, 2016) ................................................5, 6

*Okada v. Whitehead*,
  No. 15-cv-01449, 2017 WL 4570770 (C.D. Cal. Oct. 12, 2017) ..........................................4, 5

**OTHER AUTHORITIES**

Local Patent Rule 112 ....................................................................................................................8, 9

BROOKS' OPP'N TO MOTION TO COMPEL     ii
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

## I. INTRODUCTION

Defendant Brooks Sports, Inc. submits this response in opposition to Plaintiff Herbert E. Townsend's January 25, 2018 motion to compel (Dkt. No. 72, "Mot."). The five issues Townsend raises break down into two groups, neither of which warrants any relief:

Group 1: An order compelling Brooks to produce documents falling into two categories:

1. "Brooks has produced some documents showing some elements of the accused design, but no documents directed to the requests that follow [Requests for Production Nos. 2, 5–8, and 14]." Mot. at 2.

2. Brooks' alleged "failure to produce any records associated with its" conjectured "acquisition, testing, evaluation, and copying of the Townsend 'Power Bounce' shoe . . . ." Mot. at 3.

Group 2: Three complaints or requests for additional relief:

3. An overreaching request the Court "rule that all objections are waived" in Brooks' RFP responses. Mot. at 9.

4. The claim that "Brooks' written response is grossly out of step" with the Federal Rules, which Townsend knew would be inapposite when he filed his Motion. Mot. at 2.

5. The inaccurate assertion that Brooks is "continuing to object to Townsend's core requirement for ESI searching" and request for entry of its form of ESI Order. Mot. at 3–4.

Townsend's complaints should be rejected. Before filing, Townsend had recently made (for the first time) claims that Brooks' RFP responses did not comply with the Federal Rules, and speculated Brooks is withholding documents based on certain of its objections. Brooks assured Townsend his complaints and speculation were unfounded, but also agreed, at Townsend's urging, to revise its RFP responses. Townsend inexplicably filed this Motion the day before he knew Brooks would be serving supplemental responses, and in doing so wastes the Court's and Brooks' resources reviewing and briefing issues that became moot almost upon filing.

Further, Townsend's overarching request under RFP No. 14 for discovery into Brooks' own patents has no merit. Simply put, Brooks' patents are not at issue in this case. Brooks has already agreed to produce technical documentation relating to the accused running shoes.

BROOKS' OPP'N TO MOTION TO COMPEL   1
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Brooks has also agreed to produce or log documents referring to Townsend, Townsend's Power Bounce shoes, and the asserted patent. Any additional discovery sought by Townsend is merely an attempt to increase the burdens of discovery for issues that have no relevance.

Finally, Townsend's request to have the Court enter his proposed ESI Order overreaches. First, Townsend unjustifiably retreats from commitments he made to Brooks and this Court regarding an ESI Order based on this Court's model. Second, the request to have his ESI Order entered via a motion to compel is improper, as it is a drastic departure from the Model Order and the parties have not conferred regarding its modifications. Third, contrary to Townsend's argument, Brooks has produced numerous technical documents to date and only asks for an ESI protocol to govern voluminous data collections. And fourth, Townsend attempts to do away with keyword filtering of electronic files, which is not feasible given that a fraction of the discovery requested by Townsend amounts to more than 100 GB of data and 430,000 documents. Accordingly, Townsend's Motion should be denied.

## II.    RELEVANT FACTUAL BACKGROUND

Townsend filed his complaint alleging infringement of U.S. Patent No. 7,490,416 ("the '416 patent") in the Middle District of Florida. Dkt. No. 1. In general terms, the '416 patent describes and claims putting the material from Silly Putty® in a shoe. Dkt. No. 72-1 ('416 patent) at 6:50–62, 2:51–61, something people have been doing since the 1940s.[1] Brooks denied the alleged infringement. Dkt. No. 13. While the case was in Florida, the parties received a procedural schedule. Dkt. No. 32.

A timeline of some events pertinent to the instant motion is below:

| Date | Event |
|---|---|
| June 16, 2017 | Scheduling order in Florida Court[2] |
| June 21, 2017 | Townsend serves RFP Nos. 1–42 |
| July 21, 2017 | Brooks serves responses and objections to RFPs |

---

[1] *See, e.g.*, U.S. Patent No. 2,546,827, "Arch Supporting Device" (filed Oct. 2, 1948), available at https://patents.google.com/patent/US2546827A/.

[2] The Middle District of Florida does not have Patent Local Rules, and the parties agreed to a schedule that effectively adopted a "consensus" version of various courts' patent rules.

BROOKS' OPP'N TO MOTION TO COMPEL     2
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

| August 31, 2017 | Case transferred to this Court |
|---|---|
| July 21, 2017–January 5, 2018 | Townsend raises no complaints about Brooks' RFP responses |
| October 25, 2017 | Townsend agrees to "to adopt an ESI Agreement based on this District's ESI Model Agreement, as modified by the parties" Dkt. No. 67 at 3. |
| December 7, 2017 | Brooks provides Townsend a draft ESI Order "based on this District's ESI Model Agreement" |
| January 5, 2018 | Townsend makes, for the first time, a request that Brooks withdraw certain objections from its RFP responses |
| January 17, 2018 | Parties meet and confer regarding RFP responses and objections |
| January 24, 2018 | Brooks tells Townsend it will serve supplemental responses to Townsend's RFPs to address Townsend's concerns by January 26, 2018 |
| January 25, 2018 | Townsend files this Motion to Compel |
| January 26, 2018 | Brooks serves supplemental responses to Townsend's RFPs |
| March 1, 2018 | Townsend scheduled to serve infringement contentions |
| November 5, 2018 | Scheduled close of discovery |

The instant Motion is directed to RFP Nos. 2, 5–8, and 14. Mot. at 4–8. Generally, these RFPs seek: (1) documents referring to Townsend, the asserted patent, or shoes allegedly made by Townsend (RFP Nos. 2 and 5–8); and (2) documents reflecting Brooks' patentability search for U.S. Patent No. 8,209,885 ("the '885 patent"), which Brooks filed on May 11, 2009 (RFP No. 14). *See id.*

After corresponding with Townsend's counsel on January 17, 2018, Brooks agreed to serve supplemental responses to the RFPs, and did so on January 26, 2018. Declaration of Jonathan T. McMichael ("McMichael Decl.") ¶¶2–4; *id.*, Exs. A–B. As part of those supplemental responses, Brooks agreed to produce or log documents (if any were found) referring to the '416 patent, Townsend, Power Bounce shoes, and testing of relevant shoe products as requested in RFP Nos. 2 and 5–8. *See, e.g., id.*, Ex. A at 6, 11–14 (in responding to RFP Nos. 2 and 5–8: "Brooks responds that it will produce responsive, non-privileged documents as limited by these objections."). This agreement includes the majority of those documents that Townsend argues are relevant to RFP No. 14. The remaining documents relate to Brooks' internal patenting process for its own innovations, which, absent relevance to and proportionality with the needs of the case, courts have held is not a proper avenue of discovery.

BROOKS' OPP'N TO MOTION TO COMPEL   3
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

## III. ARGUMENT

### A. Plaintiff's Complaints Regarding the Form of Brooks' Discovery Responses Are Unfounded

After learning on January 17, 2018 (and being reminded on January 24, 2018) that Brooks planned to serve supplemental responses to address Townsend's discovery concerns, Townsend wastefully filed the instant Motion. *See* McMichael Decl. ¶2; *id.*, Ex. B (Brooks' letter informing Townsend that "we are supplementing those responses and plan to serve the supplements this week"). Had he waited ***one day*** to review Brooks' supplemental responses, the parties could have assessed if they had any particular unresolvable issues, and then brought those to the Court in a focused way. Because Townsend refused to wait that one day, his Motion ignores agreements stemming from the meet and confer process and seeks relief as to alleged disputes that do not exist. Townsend wastes the time and resources of both parties and the Court.

#### 1. There Is No Live Dispute Concerning Rule 34(b)(2)(C)

Townsend's contention that Brooks' RFP responses do not comply with Rule 34(b)(2)(C) is moot. *See* Mot. at 8–9. Brooks has not withheld any documents on the basis of any general objection alone, and has also made this explicitly clear to Townsend in meet and confers and in its supplemental responses to Townsend's RFPs. McMichael Decl., Ex. A at 8–14.

Townsend's reliance on *Okada v. Whitehead* is misplaced in any event. Mot. at 9. The *Okada* court granted a motion to compel discovery where the resisting party failed to timely object to discovery requests, thus waiving any objections, and the Court received no opposition to the motion. No. 15-cv-01449, 2017 WL 4570770, at *2–4 (C.D. Cal. Oct. 12, 2017) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of the objection."). Brooks made timely objections, and has continually attempted to resolve any discovery issues raised by Townsend. Nowhere does the *Okada* court hold, as Townsend argues, that if "Townsend cannot determine how, if at all, any of these objections is being applied . . . . [t]he remedy is to rule that all objections are waived . . . ." *See* Mot. at 8–9. Rather, the *Okada* court ordered the defendant "to provide amended responses that comply with

BROOKS' OPP'N TO MOTION TO COMPEL   4
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

that rule and state his intent to produce documents pursuant to the RFPs, keeping in mind that objections have been waived" because they were not timely. 2017 WL 4570770, at *3.

### 2. There Is Also No Live Dispute Concerning Rule 34(b)(2)(B)

Townsend's Rule 34(b)(2)(B) complaint is also moot. *See* Mot. at 9. Because Townsend filed this Motion, despite Brooks' commitment to serve supplemental responses one day later, he manufactures a dispute over the timing of production where none exists. *See supra* § III.A.

In its supplemental responses, Brooks stated any documents responsive to RFP Nos. 2 and 5–8 and not subject to privilege would be produced within 90 days of entry of an ESI Order. *See, e.g.*, McMichael Decl., Ex. A at 6 ("The parties have not yet reached agreement on the scope of an ESI Order. Brooks will make a good-faith effort to substantially complete its production within 90 days of the parties' agreement on a suitable ESI Order."). Brooks' supplemental responses and suggested production timing are reasonable, as the ESI Order is what establishes a process to review voluminous data in complex litigation. *See infra* § III.E.

### 3. Brooks Is Not Withholding Documents on the Basis of Confidentiality

Townsend also complains about Brooks' confidentiality objections. Mot. at 9–10. This complaint is also moot and does not require the Court's attention. Brooks made confidentiality objections in Florida before there was any protective order in place. Dkt. No. 72-7 ¶10. The objections were proper and the parties stipulated to operate under an interim protective order while they negotiate a final one. McMichael Decl., Ex. C. Brooks made clear during meet and confers and in its supplemental responses that no documents are now being withheld based on confidentiality. McMichael Decl. ¶2; *id.*, Ex. A.

### 4. Brooks' Objections to Townsend's RFPs Are Not Waived

Although Townsend's Motion only mentions RFP Nos. 2, 5–8, and 14, Townsend now demands that Brooks' objections to <u>all</u> requests be waived, and that Brooks be forced to complete document production on all 42 topics within 15 days. In support, Townsend relies on *Moser v. Holland* to suggest that Brooks' objections are so incomprehensible (they are not) that those objections should be waived. Mot. at 9. But *Moser* does not support any waiver here. The

BROOKS' OPP'N TO MOTION TO COMPEL   5
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

*Moser* court granted a motion to compel where "(1) defendants do not oppose it, and (2) defendants' initial responses include *only* boilerplate objections . . . ." No. 14-cv-2188, 2016 WL 426670, at *3 (E.D. Cal. Feb. 4, 2016) (emphasis added). The *Moser* decision also came after the close of discovery, where the defendant had not provided any supplemental response to its boilerplate objections through the end of discovery. *See id.* Unlike the defendant in *Moser*, Brooks has provided specific objections beyond mere "boilerplate"—particularly in its supplemental responses. *Compare id.* at *1 (boilerplate objection that each request "impermissibly seeks information protected by the attorney client privilege," is "overbroad, unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence," and "seeks information protected by third party non-litigants right to privacy as well as the Responding Party's right to privacy.") *with*, *e.g.*, McMichael Decl., Ex. A at 23–24 (Brooks' objection explaining "the '416 patent relates to a shoe having a midsole filled with a particular material described in the claims as 'dilatant,'" and thus "discovery of 'all documents' regarding shoes 'having a cavity filled with a cushioning material' is not relevant or proportional to the needs of this case."). Additionally, Brooks has been responsive to Townsend's inquiries regarding discovery, and provided supplemental responses as promised.

### 5. Brooks' Privilege and Work Product Objections Are Also Not Waived

Contrary to Townsend's arguments, Brooks has not waived its privilege and work product-related objections. Mot. at 9–10. Brooks has agreed to produce documents responsive to RFP Nos. 2 and 5–8. McMichael Decl., Ex. A at 6, 11–14. Brooks has made clear it will log any responsive, but privileged, documents in accordance with the parties' future agreement, which Brooks proposed be made in conjunction with negotiating an ESI Order, as contemplated by the Court. *See id.*, Ex. B at 1–2.

Townsend argues Brooks is required to immediately produce a log of any documents withheld on the basis of privilege and, absent production of such a log, any claim to privilege is waived. Mot. at 10. Townsend cites no support for his position. And in fact, his position is inconsistent with the Model ESI Order, under which the parties exchange privilege logs within

BROOKS' OPP'N TO MOTION TO COMPEL   6
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

30 days after the close of discovery. Brooks proposed adopting this model, but Townsend rejected without persuasive justification. McMichael Decl., Ex. B. In the interest of compromise, Brooks then proposed exchanging logs at particular points in the case. *Id*. Townsend rejected this proposal, too. Townsend's unwillingness to compromise or to adopt the Court's model language does not justify waiver of Brooks' timely and well-founded privilege objections.[3]

Townsend's request for rolling privilege logs is also unreasonable in light of his proposal the parties log privileged communications even *after* filing of the complaint. Dkt. No. 72-8 ¶3. In other words, Townsend apparently would have both parties log *every* client communication on a continuous basis for the duration of this case. *Id.* This request is extremely burdensome and contrary to typical practice, where it is understood such communications are "voluminous and there is no serious dispute over their privileged status." *Ecojet, Inc. v. Luraco, Inc.*, No. 16-cv-00487, 2016 WL 9000043, at *3 (C.D. Cal. Oct. 12, 2016) (noting common practice for parties to stipulate to logging only pre-litigation materials). The alleged infringement in this matter is based on shoes that Brooks stopped selling years before the complaint was filed, and discovery should be limited accordingly to the pre-suit conduct. As Brooks originally proposed to Townsend, Brooks is amenable to the timing of privilege log production in the Court's Model ESI Order. *See* McMichael Decl., Ex. B at 1–2. Townsend should not be rewarded for filing this Motion instead of adopting the Court's Model language or negotiating a reasonable compromise with Brooks. His arguments as to privilege and work product waiver should be rejected.

---

[3] The Ninth Circuit has also rejected "a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). "Instead, using the 30–day period as a default guideline, a district court should make a case-by-case determination, taking into account" numerous factors, as well as "any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders." *Id.* Townsend's Motion does not address any of the required analysis, and therefore should be denied on this basis as well.

BROOKS' OPP'N TO MOTION TO COMPEL   7
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

**B.     Plaintiff's Substantive Arguments Regarding RFP Nos. 2 and 5–8 Are Moot**

Generally, RFP Nos. 2 and 5–8 seek materials referring to Townsend, Townsend's Power Bounce shoe, and the '416 patent. Brooks has agreed to produce those documents. McMichael Decl., Ex. A at 6, 11–14 ("Brooks responds that it will produce responsive, non-privileged documents as limited by these objections."). No dispute exists. Additionally, to the extent Townsend argues about the sufficiency of Brooks' supplemental responses in its reply brief, such arguments should not be countenanced, as those responses were of course not a part of Townsend's motion, Brooks will have no opportunity to respond, and the parties are still in the process of meeting and conferring regarding the supplemental responses. McMichael Decl. ¶6.

**C.     Brooks Should Not Be Ordered to Produce Privileged Documents Reflecting Advice of Counsel**

Townsend argues that Brooks should immediately be made to produce privileged "advice of counsel" documents on which it might rely as a defense to a claim of willful infringement. Mot. at 10. Townsend cites no authority to support his position, and his position is incorrect. First, Townsend pleaded no allegation of willful infringement in the complaint, meaning that the discovery sought is neither relevant nor proportional to the needs of this case. *See* Dkt. No. 1.

Second, even assuming *arguendo* Townsend had plead facts to support a willfulness claim, Brooks' objection is still proper. Brooks' objection mirrors Local Patent Rule 112, which provides that a party may object to "[r]equests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement" as premature. Local Patent Rule 112(d). Townsend asks the Court to disregard this district's explicit rules on the phasing of this type of discovery simply so it may extract information on privileged documents from Brooks. Brooks is not required to identify documents falling within the exceptions outlined in Local Patent Rule 112—indeed, that would defeat the purpose of the rule—and to the extent Townsend is filing a

BROOKS' OPP'N TO MOTION TO COMPEL     8
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

motion to compel on materials expressly covered by Local Patent Rule 112, that request should be denied.[4]

### D. There Are No Relevant, Non-Privileged Documents Uniquely Responsive to RFP No. 14

RFP No. 14 is woefully overbroad and seeks "all documents constituting or relating to any validity or patentability . . . search, investigation, report, or opinion or . . . *with respect to any matter disclosed by Brooks' '885 patent*." (emphasis added). But the '885 patent *is not asserted in this case*, and the validity of the '885 patent is not at issue, let alone "any matter disclosed by" it. While Brooks agreed to produce material in accordance with Townsend's other discovery requests (i.e., RFP Nos. 2 and 5–8), Brooks objected to RFP No. 14 to the extent it requires Brooks to produce documents about the '885 patent that have nothing to do with this case. Critically, Brooks has elsewhere agreed to produce or log materials referencing Townsend or his Power Bounce shoes. *See supra* § III.B. Brooks has also agreed to produce documents detailing the structure and function of the accused shoes. *See e.g.*, McMichael Decl., Ex. A at 19–20. Townsend has provided no reason that materials uniquely responsive to RFP No. 14—Brooks' patent-related documents <u>not</u> mentioning Townsend, Power Bounce shoes, or the '416 patent— would be relevant. They are not.

Townsend cannot justify the relevance and burden of that overbreadth and provides no authority supporting it. Townsend's request to delve into Brooks' internal patenting process for "any matter disclosed by Brooks' '885 patent" and the ways in which it protects its own innovations simply is not relevant. Courts facing similar requests by plaintiffs to pry into the inner workings of a defendant's intellectual property portfolio routinely deny such requests.[5]

---

[4] Townsend also takes issue with references to the scheduling order from the transferring court. Mot. at 10. Brooks' original responses appropriately refer to that scheduling order. Dkt No. 72-7. And Brooks' supplemental responses moot this issue. McMichael Decl., Ex. A.

[5] *See, e.g.*, *Microsoft Corp. v. Multi-Tech Sys., Inc.*, No. 00-cv-1412, 2002 WL 273146, at *3 (D. Minn. Feb. 26, 2002) (accused infringer's argument that pending applications "may" be relevant to claim construction was insufficient to meet heightened relevancy standard to permit production); *Great Lakes Carbon Corp. v. Cont'l Oil Co.*, 23 F.R.D. 33, 35 (W.D. La. 1958) (denying production of the accused infringer's pending patent application because "the issue of infringement in no way depends on what may be contained in the application. The process which is employed in the [accused infringer's refinery] is the issue."); *Aspex Eyewear, Inc. v.*

BROOKS' OPP'N TO MOTION TO COMPEL     9
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

The Court should do the same here—particularly to the extent Townsend seeks discovery of privileged communications submitted for the purpose of obtaining legal advice. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000).

Townsend makes misstatements,[6] and strained conjecture that the discovery sought in RFP No. 14 is "intertwined with analysis of the Townsend/Power Bounce shoe . . . ." and "may be evidence of copying" Mot. at 12. Even assuming, *arguendo,* that Brooks determined the patentability of its invention over the "Townsend/Power Bounce Shoe", that would not be evidence of copying. *See, e.g.*, *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F. 3d 1317, 1325 (Fed. Cir. (2004) (rejecting alleged evidence of copying as a matter of law where the only evidence of copying was that a competing product had a similar feature—"copying requires the replication of a specific product"). Perhaps more importantly, Brooks' patent describes a different material from that in the '416 Patent (compare '416 at 4:20–23; 6:50–55 *with* '885, Abstract), that is not dilatant, and the '885 Patent details why dilatant materials are not good to use. '885 at, *e.g.*, 6:64–7:2; 1:47–52. How this could be "evidence of copying", or, more generally, how analysis of the validity of "any matter disclosed" in a Brooks patent not at issue in this case could be "evidence of copying" is not stated; it is wholly unsupported, and should be rejected.

### E.   Plaintiff's Overbroad ESI Order Should Not Be Entered

Townsend submits with this Motion his proposed ESI Order. Dkt. No. 72-8. Townsend's submission is inappropriate for several reasons.

First, Townsend's submission violates the spirit of the parties' previous agreement. In an October 25, 2017 Joint Status Report, the parties agreed to "meet and confer in good faith to ensure electronic discovery is proportional to the scope and nature of the dispute" and to "***adopt***

---

*E'Lite Optik, Inc.*, No. 98-cv-2996, 2002 WL 1592606, *5 (N.D. Tex. July 17, 2002) (refusing to order production of accused infringer's patent application because patentee failed to make a "particularized showing" of how the application was relevant to infringement).

[6] *E.g.*, "Brooks filed a patent application directed to the same subject as the asserted '416 patent." Mot. at 2.

BROOKS' OPP'N TO MOTION TO COMPEL     10
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

*an ESI Agreement based on this District's ESI Model Agreement*." Dkt. No. 67 at 3 (emphasis added). Consistent with that agreement, on December 7, 2017, Brooks provided a draft ESI Order to Townsend that closely tracked this Court's Model ESI Order. McMichael Decl. ¶7; *id.*, Ex. B at 2. Townsend responded several weeks later, substantially re-writing the Court's Model. *See* Dkt. No. 72-8. Townsend's draft seeks to increase discovery burdens by, for example, (i) tripling the number of custodians, from five to fifteen, from whom Brooks would gather documents (*id.* at 3); (ii) not allowing de-duplication of documents (*id.* at 8); (iii) not agreeing to a limited number of search terms; (iv) not agreeing to narrowly tailor search terms (*id.* at 6–7); and (v) seeking discovery on privileged documents generated after the complaint was filed (*id.* at 6). It is "based on this District's ESI Model Agreement," only in the sense that it rewrites the Model to be fundamentally different, increases the burden and cost of discovery for both parties, does not tailor the search for information most likely to lead to relevant documents, and is exactly what the Court's Model ESI Order is intended to prevent.

Second, although Townsend's submission, on its face, holds itself out to be an agreement to which the parties have stipulated, Brooks has not agreed to Townsend's proposed ESI Order. *See id.*; McMichael Decl., Ex. B at 2. As described above, what Townsend has proposed is not a modification of the Model ESI Order at all, but instead contains an entirely different framework for handling ESI. Townsend's proposal is not ripe for entry, as it contains numerous provisions about which the parties have not yet met and conferred. McMichael Decl., Ex. B at 1–2.

Third, contrary to Townsend's Motion, Brooks is not withholding all documents pending entry of an ESI Order. Mot. at 3–4. Indeed, in an attempt to address Townsend's claims of an imminent need for documents, Brooks has been reviewing and producing certain smaller collections of ESI, particularly those containing core technical documents. Brooks simply requests that the parties agree on a protocol, such as the Court's Model ESI Order, for review and production of voluminous data collections. Review and production *before* such an agreement risks Brooks (or Townsend) having to perform multiple rounds of review and production, a burden that could be avoided by an ESI protocol similar to the Court's model.

BROOKS' OPP'N TO MOTION TO COMPEL    11
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Fourth, Townsend incorrectly asserts "Brooks [has not] made any showing that there is any need for 'keyword filtering' of electronic files . . . ." Mot. at 11. As an initial matter, such filtering is contemplated by this Court's Model ESI Order and is the norm in complex patent litigation involving the review of large volumes of ESI. But even setting those issues aside, Townsend's argument yet again reflects the prematurity of this Motion, as the parties have not yet met and conferred on this issue. For example, Townsend proposes that Brooks collect, review, and produce ESI for fifteen custodians (contrary to the Model ESI Order's limitation of five custodians) within a matter of days. This is not feasible. Indeed, for just three of Townsend's fifteen proposed custodians, their email alone is approximately 100 GB and 430,000 documents. McMichael Decl. ¶9. Manually reviewing over 400,000 documents, without applying any filters, and then repeating that process for twelve additional custodians, is unduly burdensome and expensive. To the extent Townsend continues to insist he be allowed to pursue such a broad scope, Brooks is amenable to discussing a shifting of costs to Townsend.

An ESI Order is the tool used to manage voluminous data productions in complex litigation. Without boundaries on the vast amount of Brooks' data in existence—only a small portion of it being relevant and responsive—cost and resources will undoubtedly be wasted. The parties should have the opportunity to negotiate an ESI Order so they can efficiently review and produce their documents. If the parties are unable to reach an agreement, the issue should be brought to the Court at that time, not now.

## IV.  CONCLUSION

For the foregoing reasons, Brooks respectfully requests that Townsend's Motion to compel be denied and that his proposed ESI Order not be entered.

BROOKS' OPP'N TO MOTION TO COMPEL    12
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 | Dated: February 12, 2018 | FENWICK & WEST LLP |
| 3 |   |   |
| 4 |   | By: /s/ Jonathan T. McMichael<br>Darren Donnelly (admitted *pro hac vice*)<br>801 California Street |
| 5 |   | Mountain View, CA 94041<br>Tel:   (650) 988-8500 |
| 6 |   | Fax:   (650) 938-5200<br>Email: ddonnelly@fenwick.com |
| 7 |   |   |
| 8 |   | Amy E. Hayden (admitted *pro hac vice*)<br>555 California Street, 12th Floor<br>San Francisco, CA 94104 |
| 9 |   | Tel:   (415) 875-2300<br>Fax:   (415) 281-1350 |
| 10 |   | Email: ahayden@fenwick.com |
| 11 |   | Jonathan T. McMichael, WSBA No. 49895<br>1191 Second Avenue, 10th Floor |
| 12 |   | Seattle, WA  98101<br>Tel:   (206) 389-4510 |
| 13 |   | Fax:   (206) 389-4511<br>Email: jmcmichael@fenwick.com |
| 14 |   |   |
| 15 |   | *Attorneys for Defendant Brooks Sports, Inc.* |

BROOKS' OPP'N TO MOTION TO COMPEL    13
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

# CERTIFICATE OF SERVICE

I, Jonathan T. McMichael, hereby certify that on February 12, 2018, I caused the foregoing **BROOKS SPORTS, INC.'S OPPOSITION TO TOWNSEND'S MOTION FOR AN ORDER UNDER RULE 37(a)(3)(B)(iv) COMPELLING THE PRODUCTION OF DOCUMENTS** to be served on the following parties as indicated below:

| | |
|---|---|
| **John D. Denkenberger (WSBA No. 25907)**<br>CHRISTENSEN O'CONNOR<br>JOHNSON KINDNESS<br>1201 Third Avenue, Ste. 3600<br>Seattle, WA 98101-3029<br><br>*Attorneys for Plaintiff Herbert E. Townsend* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email<br>john.denkenberger@cojk.com;<br>litdoc@cojk.com |
| **Steven J. Hampton (admitted *pro hac vice*)**<br>**Gregory C. Schodde**<br>McANDREWS HELD & MALLOY, LTD.<br>500 West Madison, 34th Flr.<br>Chicago, IL 60611<br><br>*Attorneys for Plaintiff Herbert E. Townsend* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email<br>shampton@mcandrews-ip.com<br>gschodde@mcandrews-ip.com |

Dated: February 12, 2018

By: */s/ Jonathan T. McMichael*
For Jonathan T. McMichael, WSBA No. 49895
FENWICK & WEST LLP

BROOKS' OPP'N TO MOTION TO COMPEL   14
Case No. 2:17-cv-01322-RSM

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511