EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HERBERT E. TOWNSEND, an individual,

        Plaintiff,

v.

BROOKS SPORTS, INC., a Washington corporation,

        Defendant.

Case No. 2:17-cv-00062-UA-MRM

**INTERIM STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Herbert E. Townsend and Defendant Brooks Sports, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties have not yet resolved all issues they believe should be addressed by a protective order limiting disclosure of materials in this action in accordance with Federal Rule of Civil Procedure 26(c);

WHEREAS, the Parties seek an interim protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c) that will apply until superseded by a subsequent order; and

WHEREAS, the Parties recognize in this Order shall not be construed as allowing the Parties to circumvent the rules of this Court, including Local Rule 1.09, regarding the filing of documents under seal:

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" (collectively, the "Designation").  The Designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the Designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript to indicate that at least a portion of the transcript contains Protected Material.  However, aside from the cover page, only the pages of the deposition and hearing transcripts containing Protected Material shall be noted with the Designation and subject to this Order.

2. Any document produced before issuance of this Order with the designation "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated as such under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL" or

"RESTRICTED – ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "RESTRICTED – OUTSIDE COUNSEL ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), promptly after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," both individually and collectively.

following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) for a Party that is an individual, the Party, and, for a Party that is a business entity, representatives of the Party to the extent reasonably necessary for the litigation of this Action;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services (including, for example, mock jurors), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential

or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY."

9. For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g).

10. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated  RESTRICTED – ATTORNEYS'  EYES  ONLY  ("HIGHLY SENSITIVE MATERIAL"), who obtains, receives,  or otherwise actually learns, in whole or in part,

the other Party's HIGHLY SENSITIVE MATERIAL under this Order that is technical in nature shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patent-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  Notwithstanding this provision, (1) the Parties' counsel or their clients and affiliates may engage in challenging the validity of a patent in reexamination, *inter partes* review, or other post-grant challenges to patents; and (2) any person subject to this provision may engage in activities for purposes of performing administrative tasks for a pending patent application on which the person is an inventor.  Administrative tasks in this context do not include directly or indirectly (e.g., by advising) drafting or revising patent applications, responses to office actions, amendments, examiner interviews, or any invention disclosures used in a patent application that are substantially related to technology disclosed during this litigation.  Administrative tasks are only meant to include submitting prior art to the patent office, or signing of assignments, declarations, power of attorneys, terminal disclaimers, and other documents not affecting the scope of the disclosure or the claims.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this provision shall prohibit any attorney of record in these actions from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in these actions

with his/her client. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. The parties expressly agree that the provisions of this paragraph above shall be personal to any attorney who reviews HIGHLY SENSITIVE MATERIAL and shall not be imputed to any other persons or attorneys at that attorney's law firm or company unless information concerning that HIGHLY SENSITIVE MATERIAL was communicated to an individual by one who reviewed such HIGHLY SENSITIVE MATERIAL. If it is likely that HIGHLY SENSITIVE MATERIAL will be used at trial, the parties shall discuss the operation of the provisions of this paragraph at the pretrial conference.

11. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other

material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

12. The Parties agree that documents or information created or conveyed subsequent to the filing of this case that are protected by attorney-client privilege or work product doctrine, including any applicable common interest or joint defense privileges, do not have to be identified on a privilege log.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or

former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel; (vi) an independent contractor, consultant, mock juror, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a final deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED – ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, and in the absence of any other designation, the entire deposition or hearing transcript shall be treated as Confidential.

16. Nothing in this Order shall be construed as allowing the Parties to circumvent the rules of this Court, including Local Rule 1.09, regarding the filing of documents under seal.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court, which the Parties agree to work in good faith to negotiate to reasonably accommodate protections for extremely sensitive DESIGNATED MATERIAL in light of the interest

of the public in access to trial proceedings.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties"), or the discovery from the Parties includes information of or respecting Third Parties, and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential personal or business information, or proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, or the discovery from the Parties includes information of or respecting Third Parties, the Third Parties or a producing Party may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. A Third Party shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses, and in the absence of other designation, or until such a designation has been made whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding this provision, a party's Outside Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain DESIGNATED MATERIAL. Any such archival copies that contain or constitute DESIGNATED MATERIAL remain subject to this Protective Order. In

addition, this provision does not require the receiving Party to search through or delete automatically generated computer backup files that are created for disaster recovery purposes (e.g., computer backup tapes), if such files are not readily accessible.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial

privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IT IS SO STIPULATED.**

| FENWICK & WEST LLP | McANDREWS, HELD & MALLOY, LTD. |
|---|---|
| Dated:  August 22, 2017 | Dated:  August 22, 2017 |
| By: */s/Darren Donnelly*<br>Darren Donnelly (admitted *pro hac vice*)<br>801 California Street<br>Mountain View, CA 94041<br>Tel: (650) 988-8500<br>Fax: (650) 938-5200<br>Email:  ddonnelly@fenwick.com<br><br>Bryan D. Hull<br>Florida Bar No. 20969<br>BUSH │ROSS<br>1801 N. Highland Avenue<br>Tampa, FL 33602<br>Tel: (813) 224-9255<br>Fax: (813) 223-9620<br>Email: bhull@bushross.com<br><br>*Attorneys for Defendant Brooks Sports, Inc.* | By: */s/ Steven J. Hampton*<br>Steven J. Hampton (admitted *pro hac vice*)<br>500 West Madison Street, 34th Floor<br>Chicago, IL 60661<br>Tel: (312) 775-8000<br>Email:  shampton@mcandrews-ip.com<br><br>David C. Potter, Esq.<br>Florida Bar No. 0388254<br>BUCHANAN INGERSOLL & ROONEY<br>2235 First Street<br>Fort Myers, FL 33901<br>Tel: (239) 334-7892<br>Fax: (239) 334-3240<br>Email: david.potter@bipc.com<br><br>*Attorneys for Plaintiff Herbert E. Townsend* |

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| HERBERT E. TOWNSEND, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>BROOKS SPORTS, INC., a Washington corporation,<br><br>        Defendant. | Case No. 2:17-cv-00062-UA-MRM |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS
REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

1

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____