# EXHIBIT 2

Trials@uspto.gov                                                                                              Paper 7
571-272-7822                                                                        Entered: August 14, 2018

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

BROOKS SPORTS, INC.,
Petitioner,

v.

HERBERT E. TOWNSEND,
Patent Owner.
_____

Case IPR2018-00577
Patent 7,490,416 B2
_____

Before MEREDITH C. PETRAVICK, HYUN J. JUNG, and
SCOTT A. DANIELS, *Administrative Patent Judges.*

JUNG, *Administrative Patent Judge.*

SCHEDULING ORDER
*37 C.F.R. § 42.5*

IPR2018-00577
Patent 7,490,416 B2

A. GENERAL INTRUCTIONS

    *1. Request for an Initial Conference Call*

Unless at least one of the parties requests otherwise, we will not conduct an initial conference call as described in the Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,765–66 (Aug. 14, 2012).  The parties ***must request*** an initial conference call if either party is aware of any conflicts or concerns with DUE DATES 6 or 7 set forth in the Appendix of this Scheduling Order.  Any request for an initial conference call must be made no later than 25 days after the institution of trial.

    *2. Standing Procedure for Requests for Conference Calls*

If the parties request a conference call, including an initial conference call, the parties must follow these procedures:

    a. Prior to requesting a conference call, the parties must confer in an effort to resolve any issue to be discussed with the Board, or be prepared to explain to the Board why such a conference was not possible.

    b. Parties may request a conference call by contacting the Board at the email address or telephone number listed above the caption of this Order.  Requests via email are expected and preferred; requests via telephone should be reserved for time-critical circumstances.  Requests by email must copy opposing counsel.  Requests by telephone should include opposing counsel as practicable.

    c. The request must include a list of proposed issues and/or motions to be discussed during the call.

2

IPR2018-00577
Patent 7,490,416 B2

    d. The request may include a brief background discussion of the issue(s) and/or motion(s) to be discussed, but must not include arguments. Email correspondence between the parties and the Board is for administrative purposes only and is not a part of the record.

    e. The request must certify that the parties conferred in accordance with 2.a., and must indicate the result of the conference (e.g., whether the non-requesting party opposes or does not oppose the request).

    f. The request must include a list of dates and times when both parties are available for the call.

3. *Motions to Seal, Protective Orders, and Confidential Information*

Papers and exhibits filed with the Board are public unless designated as confidential when filed. 37 C.F.R. § 42.14. Papers and exhibits may be filed as confidential if filed with a motion to seal. *Id.* Those papers and exhibits will remain under seal provisionally until the Board renders its decision on the motion. *Id.* A motion to seal must include a proposed protective order, or must refer to a protective order already approved in the proceeding. 37 C.F.R. § 42.54(a). A protective order does not exist in this proceeding unless the parties file one and the Board approves it. Board approval typically does not occur until its decision on a motion to seal, although the parties may request a conference call to seek approval prior to a decision on a motion to seal if the particular circumstances of the case so require.

Often, a party moves to seal confidential or protective order material of the opposing party. In this case, the opposing party is authorized to file a

IPR2018-00577
Patent 7,490,416 B2

response to the motion to seal to address why the motion to seal should be granted. Such a response is due within 7 days of the filing of the motion to seal and is subject to the same filing requirements (e.g., length, document format) as the motion to seal.

We encourage the parties to adopt the Board's default protective order if they conclude that a protective order is necessary. *See* Default Protective Order, Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, App. B (Aug. 14, 2012). If the parties choose to propose a protective order deviating from the default protective order, they must submit the proposed protective order jointly along with a marked-up comparison of the proposed and default protective orders showing the differences; and the parties must explain why the proposed deviations from the default protective order are necessary.

The Board has a strong interest in the public availability of the proceedings. We advise the parties that redactions to documents filed in this proceeding should be limited to isolated passages consisting entirely of confidential information, and that the thrust of the underlying argument or evidence must be clearly discernible from the redacted versions. We also advise the parties that information subject to a protective order will likely become public if identified in a final written decision in this proceeding, and that a motion to expunge the information will not necessarily prevail over the public interest in maintaining a complete and understandable file history. *See* Office Patent Trial Practice Guide, 77 Fed. Reg. at 48,761.

  *4. Motions to Amend*

Patent Owner may file a motion to amend without prior authorization from the Board. Nevertheless, Patent Owner must confer with the Board

IPR2018-00577
Patent 7,490,416 B2

before filing such a motion by requesting a conference call under the procedures set forth above. *See* 37 C.F.R. § 42.121(a). The conference call must occur at least *two weeks* before DUE DATE 1 in order to satisfy the conferral requirement. Guidance on motions to amend can be found online. *See* "Guidance on Motions to Amend in view of *Aqua Products*" (Nov. 21, 2017) (https://www.uspto.gov/sites/default/files/documents/guidance_on_ motions_to_amend_11_2017.pdf); *Western Digital Corp. v. SPEX Techs., Inc.*, Case IPR2018-00082, -00084 (PTAB Apr. 25, 2018) (Paper 13) (Informative) (https://www.uspto.gov/patents-application-process/patent-trial-and-appeal-board/precedential-informative-decisions).

    5. *Discovery Disputes*

The panel encourages parties to resolve disputes relating to discovery on their own and in accordance with the precepts set forth in 37 C.F.R. § 42.1(b). To the extent that a dispute arises between the parties requiring Board intervention, the parties are to follow the procedures for requesting a conference call set forth above. If a party has in its possession documents that are subject to a protective order issued by a court in another proceeding, that party should first request relief from that court.

    6. *Depositions*

The parties are advised that the Testimony Guidelines appended to the Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,772 (Aug. 14, 2012) (Appendix D), apply to this proceeding. The Board may impose an appropriate sanction for failure to adhere to the Testimony Guidelines. 37 C.F.R. § 42.12. For example, reasonable expenses and attorneys' fees incurred by any party may be levied on a person who impedes, delays, or frustrates the fair examination of a witness.

IPR2018-00577
Patent 7,490,416 B2

Whenever a party submits a deposition transcript as an exhibit in this proceeding, the submitting party shall file the full transcript of the deposition rather than excerpts of only those portions being cited.

*7. Cross-Examination*

Except as the parties might otherwise agree, for each due date—

a. Cross-examination begins after any supplemental evidence is due.  37 C.F.R. § 42.53(d)(2).

b. Cross-examination ends no later than a week before the filing date for any paper in which the cross-examination testimony is expected to be used.  *Id.*

*8. Observations on Cross-Examination*

Observations on cross-examination provide a party with a mechanism to draw the Board's attention to relevant cross-examination testimony of a reply witness because no further substantive paper is permitted after the reply.  *See* Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,768 (Aug. 14, 2012).  The observations must be concise statements of the relevance of precisely identified testimony to a precisely identified argument or portion of an exhibit.  Each observation should not exceed a single, short paragraph.  The opposing party may respond to the observations.  Any response must be equally concise and specific.

*9. Additional Formatting Requirements of Papers and Exhibits*

All papers and exhibits must include at least the proceeding number and consecutive page numbers on each page.  Citations to exhibits may be in whatever manner the submitting party deems appropriate (i.e., stamped or original pagination).  Each page of an exhibit must also include the exhibit number.  The filing of complete documents and transcripts is encouraged,

IPR2018-00577
Patent 7,490,416 B2

rather than excerpts.  Electronic documents filed with the Board should be text searchable, to the extent feasible (e.g., having undergone optical character recognition).

B.  DUE DATES

This Order sets due dates for the parties to take action after institution of the proceeding.  The parties may stipulate to different dates for DUE DATES 1 through 5 (earlier or later, but no later than DUE DATE 6).  A notice of the stipulation, specifically identifying the changed due dates, must be promptly filed.  The parties may not stipulate to an extension of DUE DATES 6 and 7.  Due to scheduling constraints, such as hearing room availability, *the parties must request a conference call with the panel if there are any conflicts that arise with DUE DATE 7 as soon as practicable*, which will be modified only upon a showing of good cause.

In stipulating to different times, the parties should consider the effect of the stipulation on times to object to evidence (37 C.F.R. § 42.64(b)(1)), to supplement evidence (37 C.F.R. § 42.64(b)(2)), to conduct cross-examination (37 C.F.R. § 42.53(d)(2)), and to draft papers depending on the evidence and cross-examination testimony.

   *1.  DUE DATE 1*

The patent owner may file—

    a.  A response to the petition (37 C.F.R. § 42.120), and

    b.  A motion to amend the patent (37 C.F.R. § 42.121).

The patent owner must file any such response or motion to amend by DUE DATE 1.  If the patent owner elects not to file anything, the patent owner must arrange a conference call with the parties and the Board.  The patent

7

IPR2018-00577
Patent 7,490,416 B2

owner is cautioned that any arguments for patentability not raised in the response will be deemed waived.

    *2. DUE DATE 2*

The petitioner must file any reply to the patent owner's response and opposition to the motion to amend by DUE DATE 2.

    *3. DUE DATE 3*

The patent owner must file any reply to the petitioner's opposition to patent owner's motion to amend by DUE DATE 3.

    *4. DUE DATE 4*

        a. Each party must file any observations on the cross-examination testimony of a reply witness (*see* section A.7, above) by DUE DATE 4.

        b. Each party must file any motion to exclude evidence (37 C.F.R § 42.64(c)) and any request for oral argument (37 C.F.R. § 42.70(a)) by DUE DATE 4.

    *5. DUE DATE 5*

        a. Each party must file any reply to a petitioner observation on cross-examination testimony by DUE DATE 5.

        b. Each party must file any opposition to a motion to exclude evidence by DUE DATE 5.

    *6. DUE DATE 6*

Each party must file any reply for a motion to exclude evidence by DUE DATE 6.

    *7. DUE DATE 7*

The oral argument (if requested by either party) is set for DUE DATE 7.

IPR2018-00577
Patent 7,490,416 B2

## DUE DATE APPENDIX

DUE DATE 1 ................................................................. November 13, 2018

    Patent owner's response to the petition

    Patent owner's motion to amend the patent

DUE DATE 2 ................................................................. February 13, 2019

    Petitioner's reply to patent owner's response to petition

    Petitioner's opposition to motion to amend

DUE DATE 3 ....................................................................... March 13, 2019

    Patent owner's reply to petitioner's opposition to motion to amend

DUE DATE 4 ............................................................................. April 3, 2019

    Motion for observation regarding cross-examination of reply witness

    Motion to exclude evidence

    Request for oral argument

DUE DATE 5 ......................................................................... April 17, 2019

    Response to observation

    Opposition to motion to exclude

DUE DATE 6 ......................................................................... April 24, 2019

    Reply to opposition to motion to exclude

DUE DATE 7 ............................................................................. May 9, 2019

    Oral argument (if requested)

IPR2018-00577
Patent 7,490,416 B2

PETITIONER:

Darren Donnelly
Jason Amsel
Amy Hayden
Jonathan McMichael
FENWICK & WEST LLP
ddonnelly-ptab@fenwick.com
jamsel-ptab@fenwick.com
ahayden-ptab@fenwick.com
jmcmichael-ptab@fenwick.com


PATENT OWNER:

Steven J. Hampton
Gregory C. Schodde
McANDREWS, HELD & MALLOY, LTD.
shampton@mcandrews-ip.com
gschodde@mcandrews-ip.com